**Bernardo MORALES, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15666.**

United States Court of Appeals
Fifth Circuit.

Jan. 17, 1956.

John R. Shook, Leonard Brown, San Antonio, Tex., for appellant.

Holvey Williams, Asst. U. S. Atty., El Paso, Tex., Russell B. Wine, U. S. Atty., San Antonio, Tex., Wm. Monroe Kerr, Asst. U. S. Atty., Midland, Tex., for appellee.

Before HOLMES, RIVES, and CAMERON, Circuit Judges.

HOLMES, Circuit Judge.

In count one of a three-count indictment, the appellant was charged, jointly with John Jackson and Faustino Galan, with being persons required to register and pay a designated tax and with having imported, on March 11, 1953, forty-two pounds and 49 grains of marihuana into the United States, without having paid said tax as required by law; in count two, on the same date, they were charged with the failure to pay the tax as transferees and with having obtained the same quantity of marihuana from some unknown person without having paid such tax; in count three, on the same date, they were charged with hav-

ing concealed the same quantity of marihuana knowing that the same had been imported into the United States contrary to law. Jackson pleaded guilty, and a former trial of appellant and Galan resulted in a mistrial, the jury having been unable to agree. On the second trial, appellant was convicted under the first and third counts, and acquitted under the second, as was Galan who has not appealed.

Pursuant to the verdict of the jury, the appellant was sentenced to imprisonment for a term of five years, and he has appealed to this court. The only point raised by him is the asserted insufficiency of the evidence to support the verdict. The appellee contends that the sufficiency of the evidence is not reviewable in this court, because the appellant made no motion for a judgment of acquittal in the trial court. This contention seems to be correct, because neither after the Government rested nor at any other time did the appellant mover for a judgment of acquittal on the ground of the insufficiency of the evidence or any other ground. Furthermore the appellant took no exception to the charge of the court and made no motion in arrest of judgment. Nevertheless, in the interest of justice, we have read the record, including the testimony, and will consider the appeal on its merits.

■ Both counts may be discussed together, as the same evidence was offered and is relied on to support each of them. Also the appellant was given a single sentence for both offenses, which was to pay a fine of one dollar and be imprisoned for five years. Accordingly, if there is substantial evidence to support either count, the judgment should be affirmed.

The appellant, a resident of Chicago, Illinois, and John Jackson drove together in Jackson's car from Chicago to San Antonio, Texas, where they picked up Faustino Galan and proceeded to Piedras Negras, Mexico, which is across the river from Eagle Pass, Texas. The three stayed in Mexico for seven or eight days. On March 9, 1953, U. S. Customs agents Harmon and Webb, acting on informa-

tion, commenced watching in Piedras Negras for an Illinois car with License No. 1571–345. They found Jackson, the colored man who spoke no Spanish, in a cafe, saw the appellant drive up in the car and join Jackson, and watched them leave together. The same procedure was followed on the next night. On March 11, 1953, about 11 O'clock P.M., the same car, driven by Galan alone, came across the river to Eagle Pass, to be joined in fifteen or twenty minutes by Jackson and Morales, who drove up in a taxi-cab to the meeting place in Eagle Pass, Texas, at Commercial and Main streets.

The three men (appellant, Galan, and Jackson) then proceeded in the car to the north part of town where they were observed around the car, rearranging their baggage and the other stuff they had in the car. The customs agents then arrested them and, in the rear seat-cushions of the car, they found 24 pounds of marihuana, and about eighteen more were wired up under the car. Neither Jackson, Galan, nor the appellant had an order form for the purchase of marihuana as required by Section 2591(a) of Title 26 United States Code. At the preceding term of court, Jackson, who had pleaded guilty to the same offenses of which the jury found Galan and appellant guilty, took the stand as a witness for his two companions, claiming for himself the sole culpability in the offenses. Appellant did not testify in his own behalf, notwithstanding the presumption arising from the possession of marihuana under 18 U.S.C. § 545. Appellant's co-defendant, Faustino Chavez Galan, also testified in behalf of himself and the other defendant.

The jury evidently did not believe the witnesses for the defense, as shown by the verdict. In addition, there were many contradictions and improbabilities in their testimony. The undisputed facts observed and testified to by the agents of the Customs Service made out a strong case against appellant. In addition, the circumstantial evidence was sufficient to convince any reasonable man that the principal actors were on a joint

enterprise; that they went from Chicago and San Antonio for the purpose of buying marihuana and importing it into the United States. The Mexican who sold the marihuana could not speak English, and Jackson could not speak Spanish. The car was driven by each of the three during their eight-days stay in Mexico. They had adjoining rooms in the hotel in Piedras Negras, joint and several use of the car while there, and were found in and around the car in Eagle Pass when it was seized and found to be loaded with 42 pounds and 49 grains of marihuana. The method of departure from Mexico and the transportation of the car across the river were damaging circumstances. In fact, the conduct of the parties was such as to exclude every reasonable hypothesis of the innocence of any one of the three.

The verdict of the jury was amply supported by the evidence, and the judgment appealed from should be affirmed.

Affirmed.