**AH MING CHENG, Appellant,**

**v.**

**UNITED STATES of America,**
**Appellee.**

**No. 18857.**

United States Court of Appeals
Fifth Circuit.

March 9, 1962.

trary to law. Six of these were crew members of the Netherlands M/V Utrecht, the seventh, Ho Yee Bon, being a traveling companion of appellant. The third count charged that Ah Ming Cheng, Ho Yee Bon and Pin En aided and abetted in the unlawful importation. Just prior to the commencement of the trial, five Chinese seamen pled guilty to illegal importation and Ho Yee Bon and Pin En pled guilty to aiding and abetting and the trial proceeded against appellant alone.

At the conclusion of the Government's case, appellant moved the court for an instructed verdict of acquittal. The court reserved ruling on the motion and ordered the case submitted to the jury, expressing at the time, however, grave doubt as to whether the Government had made out a case.[1]

After the jury had returned its verdict finding appellant guilty under both counts, the trial court denied the motion for directed verdict and sentenced the appellant to five years imprisonment under each count, the sentences to run concurrently. We think that the court erred in letting the verdict stand on the evidence presented.

■ It is, of course, well established that it is not the function of an appellate court to weigh evidence anew to try to determine the credibility of witnesses heard at the trial. The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. Cf. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680.

■ But it equally well established that, where a case rests, as this one does, entirely upon circumstantial evidence, the circumstances must be so

John D. Ponder, Amos L. Ponder, Jr., New Orleans, La., for appellant.

Francis G. Weller, Asst. U. S. Atty., Peter E. Duffy, Asst. U. S. Atty., M. Hepburn Many, U. S. Atty., New Orleans, La., for appellee.

Before RIVES, CAMERON and BELL, Circuit Judges.

CAMERON, Circuit Judge.

This appeal presents the single question whether there was sufficient evidence to support the appellant's conviction. The appellant, Ah Ming Cheng, was tried by a jury for conspiracy unlawfully to import opium into the United States and for aiding and abetting such importation.

The first count charged that appellant and seven other Chinese entered into a conspiracy to import approximately fifty-two pounds of crude opium con-

---

1. The Court: "I should like to make this statement. The Government's case, to me, is very, very thin. In fact, the Government has proved little more than that this man is Chinese, and that he knows some other Chinamen, and that they all came to New Orleans.

"There are some other suspicious circumstances, and, like Counsel says, no more suspicious against this Defendant than they are against Ruby Ahtay, or whatever her name is. But I'm going to let the case go to the Jury. However, I am reserving ruling. At this stage I will deny the motion, and it can be re-urged if the Jury comes in with a verdict."

**204**

clearly proven that they point, not merely to the possibility or probability of guilt, but to the moral certainty of guilt. In other words, the inferences which may reasonably be drawn from the facts proven as a whole must not only be consistent with guilt, but inconsistent with every reasonable hypothesis of innocence.

In Kassin v. United States, 5 Cir., 1937, 87 F.2d 183, 184, we dealt with a situation closely resembling the one before us. We said concerning an argument of the United States Attorney, which we thought was improper:

"It was of a piece with the whole theory of the prosecution, that proof that his codefendants were guilty; that, using assumed names, appellant had registered at hotels in Florida where some of his codefendants were registered; and that he had a safety deposit box in a bank where some of his codefendants had boxes, had put him upon proof of his innocence. This will not do. Wide-sweeping and damaging as is a charge of conspiracy, difficult as it is for one caught in the net of such a charge to extricate himself from it when the government has any evidence tending to connect him with it, such a charge, no less than charges of substantive offenses, requires proof. This proof may be circumstantial or direct, or both, but it must be proof. That is, the evidence must have a legitimate tendency to compel belief in and finding of defendant's guilt."

The most that can be said of the proof here is that appellant had known Ho Yee Bon for a short period of time before they departed from New York together, that he spent time visiting with him and with the female witness who was a companion of both men, and that appellant met and talked with some members of the ship's crew after it finally docked at New Orleans. But there was no proof, circumstantial or otherwise, that appellant knew that Ho Yee Bon had a large amount of currency with him, or that he was engaged in the narcotic business, or that he was dealing with members of the ship's crew in connection with the importation of narcotics.

 We think that the statement of the court below, footnote 1, supra, accurately characterizes the case against appellant and that under the Kassin case and other cases from this Circuit, Adams v. United States, 1955, 220 F.2d 297; Vick v. United States, 1954, 216 F.2d 228; Lloyd v. United States, 1955, 226 F.2d 9; and Rodriguez v. United States, 1956, 232 F.2d 819, the evidence presented by the Government was not sufficient to support the verdict of the jury.

The judgment appealed from is, therefore, reversed and the case is remanded.

Reversed and remanded.