**Alfred Gene GORMAN, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 19595.**

United States Court of Appeals
Fifth Circuit.

Sept. 10, 1963.

Clay C. Scott, Jr., Dallas, Tex., for appellant.

Barefoot Sanders, U. S. Atty., B. H. Timmins, Jr., Asst. U. S. Atty., Dallas, Tex., for appellee.

Before TUTTLE, Chief Judge, and WISDOM and GEWIN, Circuit Judges.

GEWIN, Circuit Judge.

The appellant, Alfred Gene Gorman, was convicted in the U. S. District Court for the Northern District of Texas under an indictment charging him and his brother with violating Title 18 U.S.C.A. § 1343.[1] David James Gorman, represented by counsel, entered a plea of guilty. The appellant, who was also well represented by counsel at the trial and by the same counsel on this appeal, filed a written waiver of his right to trial by jury and requested that the case proceed to trial by the court. The United States consented and the case was tried without the intervention of a jury. There were 5 counts in the indictment, but Count V was dismissed, and the appellant was convicted under the first 4 counts and given a sentence of one year.

The indictment charged that the defendant and his brother devised a scheme and artifice to defraud various poultry processors and to obtain property by means of fraudulent pretenses, representations, and promises, knowing that the same would be false when made; that the 2 brothers were doing business as and represented the Texas Trading Company of Dallas; that the pretended company maintained a bank account; that checks issued in the name of the company by the defendants as payment for property obtained in the operation of the scheme and artifice to defraud would be honored by the bank; and that for the purpose of executing the aforesaid scheme and artifice, the defendants transmitted and caused to be transmitted certain telephonic communications or conversations to various places including Eldorado, Arkansas, Pelahatchie, Mississippi, and Forrest, Mississippi, from Dallas County, Texas. In finding the appellant guilty, the court stated:

"The Court finds the defendant guilty on Counts I, II, III and IV. The Court further finds especially that the evidence has established beyond all reasonable doubt every essential element of the crime charged, the essentials being first the act or acts of having devised or having intended to devise a scheme or artifice to defraud or obtain property from certain poultry processors by means of false or fraudulent pretenses or representations, as charged in those counts in the indictment; second, the act or acts of transmitting or causing to be transmitted by means of wire communications in interstate commerce certain sounds in the nature of telephone conversations, as charged in those counts of the indictment; third, so using such conversations wilfully and with the specific intent and purpose of executing or carrying out said scheme or artifice to defraud or to obtain property by means of false and fraudulent pretenses and representations, as charged in the indictment."

The sentence was under all 4 counts generally.

■■ The error specified is that the evidence was insufficient to support a conviction under the indictment. In considering the sufficiency or insufficiency of the evidence to support the conviction, it is not our function to weigh the evidence or to pass upon the credibility of the witnesses. Judgment of conviction must stand if there is substantial evidence to support the judgment considering the entire record in a light most favorable to the United States. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Walker v. United States, 5 Cir., 1962, 301 F.2d 94;

---

1. § 1343. Fraud by wire, radio, or television

"Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined not more than $1,000 or imprisoned not more than five years, or both."

Ah Ming Cheng v. United States, 5 Cir., 1962, 300 F.2d 202; Bennett v. United States, 5 Cir., 1960, 285 F.2d 567; Riggs v. United States, 5 Cir., 1960, 280 F.2d 949; Thacker v. United States, 5 Cir., 1946, 155 F.2d 901; Johnson v. United States, 4 Cir., 1959, 271 F.2d 596, 597.

■■ As to Count III, we fail to find any proof in the record that the alleged telephone call to Pelahatchie, Mississippi, was made. Appellant contends therefore, that the court erred in convicting him under each of the 4 counts. It is true that uncertainty and ambiguity in criminal sentences must be resolved in favor of the defendant, but a general sentence under several counts will be sustained so long as the sentence does not exceed the maximum that could be imposed under the counts which are good and have been proved. We conclude that the record sustains the conviction and the sentence under Counts I, II and IV. There is no indication that the appellant was prejudiced by the sentence and conviction under all 4 counts. He could have been sentenced to a fine of $1,000.00 and 5 years under each count. United States v. Williams, 7 Cir., 1949, 175 F.2d 715; Bowen v. United States, 8 Cir., 1946, 153 F.2d 747, cert. den. 328 U.S. 835, 66 S.Ct. 980, 90 L.Ed. 1611.

■ We have carefully and cautiously examined the record and are convinced that the evidence meets the required standard to support the trial court's finding of guilt. It was proved that the defendant made telephone calls to purchase poultry; made pick ups and deliveries of truckloads of poultry; made telephone calls to negotiate sales; accepted a draft payable to him in payment of poultry; rented trucks and used them in the business; claimed to be an officer of the fictitious company; and engaged in other conduct tending to connect him with the plan and scheme to defraud as charged. We are convinced that the defendant received a fair trial. United States v. Oregon State Medical Society, 343 U.S. 326, 72 S.Ct. 690, 96 L.Ed. 978; Ward v. United States, 5 Cir., 1962, 296 F.2d 898.

The judgment is affirmed.