L. Buford HALL, L. Felton Hall, and Ernest W. Hall, Appellants,

v.

UNITED STATES of America, Appellee.

No. 20631.

United States Court of Appeals Fifth Circuit.

April 16, 1964.

Rehearing Denied May 22, 1964.

Wesley R. Asinof, Atlanta, Ga., for appellants.

Bobby C. Milam, Asst. U. S. Atty., Atlanta, Ga., Bobby C. Milam, Asst. U. S. Atty., for appellee.

Before MARIS,* GEWIN and BELL, Circuit Judges.

PER CURIAM:

The three appellants were jointly indicted, tried, and convicted under a four count felony indictment in the Northern District of Georgia. Count I charged them with assaulting a federal officer with a deadly weapon, 18 U.S.C.A. § 111. Count II with the possession, custody, and control of an unregistered distillery, 26 U.S.C.A. § 5601(a) (1); Count III with making and fermenting mash on premises other than a registered distillery, 26 U.S.C.A. § 5601(a) (7); and Count IV with possession of a quantity of non-tax paid distilled spirits, 26 U.S. C.A. § 5205(a) (2) and 5604(a) (1). Pursuant to the finding of guilt on all counts, Buford Hall was sentenced to a period of five years, Felton Hall to a period of four years and Ernest Hall to a period of two years. Summarized generally, the appellants claim error in the Court's charge with respect to the use of a deadly weapon, failure to define or charge on the rule of self-defense, and the charge of the Court as to the presumption arising from the presence of the defendants at the distillery in question.

Upon a careful review of the record, we have reached the firm conclusion that each of the defendants was lawfully convicted under Counts I and IV of the indictment. The sentences imposed do not exceed the maximum that could have been imposed under either Counts I or IV. In view of the foregoing conclusion, it is not necessary to reach a decision as to the errors alleged with respect to the proof and conviction under Counts II and III. Morales v. United States (5th Cir. 1956), 228 F.2d 762; Walker v. United States (5th Cir. 1960), 285 F.2d 52; Gorman v. United States (5th Cir. 1963), 323 F.2d 51.

The judgment is affirmed.

* Of the Third Circuit, sitting by designation.