John B. WILLIAMS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 25553.

United States Court of Appeals Fifth Circuit.

Nov. 22, 1968.

Sam A. LeBlanc, III, New Orleans, La., for appellant.

John C. Ciolino, H. P. Rowley, III, Asst. U. S. Attys., New Orleans, La., for appellee.

Before DYER and SIMPSON, Circuit Judges, and CABOT, District Judge.

CABOT, District Judge:

Defendant-appellant Williams appeals from his jury conviction of burglary of a post office. Finding no error, we affirm.

The only point raised on appeal which merits discussion involves a question of search and seizure. Viewed in the light most favorable to the government,[1] the evidence showed that on or about February 3, 1967, the Kenner, Louisiana, police were looking for de-

1. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

fendant Williams to question his participation in a shooting incident earlier that evening (unrelated to the subject crime). Williams and defendant Smith (who has not appealed) were seen driving in a Renault automobile by Deputy Jones. Jones followed them for a distance and into a gas station. As they got out of the car, Jones observed Smith surreptitiously take something (which Jones couldn't identify) from his pocket and place it on the floor between the seats of the car. While Jones was questioning Williams and Smith, Deputy Bodoin came upon the scene and was told by Jones what he (Jones) had seen. Bodoin shined his flashlight into the unopened car and observed two United States Treasury checks on the floor between the seats and a March of Dimes container in the open glove compartment. He *then* entered the car and seized the checks and container and confronted defendants with them. Upon their disclaimer of knowledge of the material, they were arrested. They were subsequently indicted for burglary of a post office. Smith pleaded guilty and testified against Williams. Williams moved to suppress the evidence seized prior to trial and again at trial. Both motions were denied.

■ Appellant argues that a legal search may only be made with a warrant or incident to a prior lawful arrest. However, a reasonable warrantless search of a moving vehicle may be properly made in the absence of a prior arrest so long as there is probable cause for the search.

> But those lawfully within the country, entitled to use the public highways, have a right to free passage without interruption or search unless there is known to a competent official, authorized to search, probable cause for believing that their vehicles are carrying contraband or illegal merchandise. Carroll v. United States, 267 U.S. 132, 154, 45 S.Ct. 280, 285, 69 L.Ed. 543, 39 A.L.R. 790 (1925).

See also, Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Bailey v. United States, 386 F. 2d 1 (5th Cir. 1967).

■ In ascertaining "probable cause" we start with the basic definition that there is probable cause to search when there exists facts and circumstances sufficient to warrant a reasonably prudent man to belive that the vehicle contains contraband. Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407 (1931).

■ Here, Deputy Bodoin saw the contraband in the car by shining his flashlight through the window [which, as the Government points out, is not a search. United States v. Lee, 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed. 1202 (1927)]. At the time, he had been advised that Smith had taken something out of his pocket and placed it between the seats, at a time when Smith knew that he was about to be confronted by a police officer. Of course, Treasury checks are a different class of contraband than narcotics or moonshine in that the latter are suspect by their nature. However, here, Smith was seen to attempt to *conceal* a United States Treasury check. Furthermore, also in plain view was a March of Dimes counter container. As the court said in *Brinegar:*

> In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicans, act. The standard of proof is accordingly correlative to what must be proved. Brinegar v. United States, supra, at 175, 69 S.Ct. at 1310 (1949).

We conclude that the circumstances here fall within (although barely within) the outer limits of probable cause, and thus the court properly denied the defendant's motions to suppress.

Affirmed.