UNITED STATES of America, Plaintiff-Appellee,

v.

Elmer Samuel CHAPMAN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,

v.

James Terrell KNIGHT, Defendant-Appellant.
Nos. 26992, 27002
Summary Calendar.
United States Court of Appeals Fifth Circuit.
June 30, 1969.

Certiorari Denied Nov. 10, 1969.
See 90 S.Ct. 217.

221 A.2d 906 (1966) on statutory post conviction proceedings.

2. Mefford v. Warden, Maryland Penitentiary, 270 F.Supp. 745 (1967).

Denmark Groover, Jr., Macon, Ga., for defendants-appellants.

Floyd M. Buford, U. S. Atty., D. L. Rampey, Jr., Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

■ Appellants were convicted by a jury of aiding and abetting each other in possessing certain property (6,480 pounds of sugar and a Dodge truck), knowing it was intended to be used in the nontaxpaid distilled spirits business, a misdemeanor under 26 U.S.C. § 5686 (a).[1] Both appellants filed motions to suppress evidence pertinent to the seizure of the property by the Federal Revenue Agent who, without a warrant, stopped the truck which appellant Chapman was driving, arrested Chapman and seized the truck and its load of sugar. These motions were denied.[2]

Appellants attack their convictions on three grounds: (1) insufficiency of the evidence; (2) illegality of the arrest and subsequent search and seizure and consequent failure of the court to suppress the evidence; and (3) introduction of evidence by the Government, over objection, of the purchase by appellant Knight of large amounts of sugar.

The following facts led to the arrest, seizure and subsequent convictions.

On June 20, 1968, Federal Revenue Agents Brown and Rogers were observing Highway 41 Grocery in the vicinity of Perry, Georgia. At about 2 p. m., both agents saw appellants Knight and Chapman drive up to the grocery in

1. 26 U.S.C. § 5686(a):

"It shall be unlawful to have or possess any liquor or property intended for use in violating any provision of this chapter or regulations issued pursuant thereto, or which has been so used, and every person so having or possessing or using such liquor or property, shall be fined not more than $5,000, or imprisoned not more than 1 year, or both."

2. Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804.

See the opinion rendered this day in the related matter of United States of America v. James Terrell Knight, 5 Cir., 1969, 413 F.2d 445 affirming the revocation of probation of appellant Knight.

separate vehicles—Knight, in a Buick automobile, and Chapman, in an empty Dodge truck. The agents knew both appellants by reputation as being connected with the illicit liquor business. They saw both appellants go into the grocery and after a few minutes come out. Appellants then began loading the truck with sugar.[3] Appellants left in the same two vehicles and proceeded to Moses Grocery approximately 300 yards away where they loaded more sugar onto the truck, after which they left in convoy fashion, with Agent Brown following closely behind. When the two suspects separated at an intersection Brown continued to follow Chapman, the driver of the truck, as far as the vicinity of Fort Valley, Georgia, a distance of about 16 miles, when Brown stopped him and placed him under arrest.

The arresting officer, Brown, could clearly see the sugar through a crack in the back of the truck from the time of the loading to the time of arrest. He had known both appellants by sight for approximately three years. He had previously arrested Chapman for the same violation. He knew that both men had previously violated the Federal Internal Revenue Laws, and that Knight had the reputation of being a "raw materials diverter on a big scale."[4] He also knew that Knight managed a small retail store which was registered in his mother's name. However, he observed that the sugar-laden truck was headed in the direction opposite to this store, thus dispelling any possible doubt that the sugar was intended for resale at Knight's retail store. Brown also knew that the "moonshine whiskey" traffic flourished in that general vicinity of the state.

In addition to the testimony of the two Revenue Agents, including Brown's eyewitness account of the actual sugar loading, the evidence also showed that Knight had recently purchased large amounts of sugar: approximately 311,720 pounds during 1967 and 46,110 pounds for the first six months of 1968. During the latter part of 1967 the Federal Government made demand on grocers in connection with sales of sugar, requiring them to report quantities sold in amounts over 100 pounds. There was no plausible reason why appellants should procure, and then themselves load, sugar from two stores in Perry and haul it 16 miles to Fort Valley. Of course, the purpose for taking the sugar to Fort Valley and not in the opposite direction to Knight's store was without reasonable explanation.

Appellants argue that before an arrest without a warrant can be made for a misdemeanor, as distinguished from a felony, the offense must be committed in the presence of the arresting officer. They contend that the offense consists of two elements—possession and intent to use the material in the illicit liquor business. Further, they argue, it was impossible to ascertain under the circumstances the illicit intent from the mere possession of the sugar, a commodity not per se illegal and, therefore, the arrest was invalid.

The statute authorizing the arrest, 26 U.S.C. § 7608, reads in pertinent part:

"(a) Any investigator, agent, or other internal revenue officer * * * may—

* * * * * *

(3) * * * make arrests without warrant for any offense against the United States committed in his presence, or for any felony cognizable under the laws of the United States if he has reasonable grounds to believe that the person to be arrested has

3. Although Agent Rogers' position did not allow him to see the actual sugar being loaded, he observed later that the previously empty truck was heavily laden, and still later at the Sheriff's Office he counted 6,480 pounds of sugar in the back of the same truck. Agent Brown's vantage point enabled him to see clearly the sugar being placed into the truck.

4. Both appellants have been before this court in related matters. See Knight v. United States, 1962, 310 F.2d 305; Knight v. United States, 1962, 297 F.2d 675; Chapman v. United States, 1961, 289 F.2d 539; Chapman v. United States, 1959, 272 F.2d 70, rehearing denied, 1960, 273 F.2d 412.

committed, or is committing, such felony * * *."

■ Undoubtedly, the statute sets out different criteria for misdemeanor arrests as compared with felony arrests. It requires that the misdemeanor be committed in the presence of the arresting officer for a warrantless arrest therefor to be valid.[5] It is also necessary that both possession and illicit intent be present in order to constitute a violation under 26 U.S.C. § 5686(a).[6] We have no hesitancy, however, in concluding from the record that the crime was in fact committed in the presence of Agent Brown. Possession was proved by his eyewitness testimony and corroborated by Agent Rogers. There was also substantial evidence to prove the element of illicit intent.

■ Whether or not a warrantless arrest is lawful depends upon whether the arresting officer had probable cause to believe that an offense was being committed in his presence. In Brinegar v. United States, 338 U.S. 160, 174, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949), a case involving a conviction for a misdemeanor under the Liquor Enforcement Act, 18 U.S.C. § 1262, the Supreme Court, in discussing the standards for determining probable cause for arrest, as well as for search and seizure, said:

"In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. The standard of proof is accordingly correlative to what must be proved.

" * * * Probable cause exists where 'the facts and circumstances

within their [the officers] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed."

See also Henderson v. United States, 5 Cir., 1968, 405 F.2d 874, 875, cert. denied, 395 U.S. 906, 89 S.Ct. 1747, 23 L.Ed.2d 219 (1969); Ward v. United States of America, 5 Cir., 1961, 288 F. 2d 620, 621.

In Beck v. State of Ohio, 379 U.S. 89, 96, 85 S.Ct. 223, 228, 13 L.Ed.2d 142 (1964), the Supreme Court, citing the landmark decision of Carroll v. United States, supra, which involved a misdemeanor, said, "When the constitutional validity of an arrest is challenged, it is the function of a court to determine whether the facts available to the officers at the moment of the arrest would 'warrant a man of reasonable caution in the belief' that an offense has been committed. Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543."

■ Having found that the arrest was lawful, it follows that the seizure of the sugar and truck as an incident to that arrest was lawful as well as the admission of evidence pertinent thereto. Beck v. State of Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964); United States v. Rabinowitz, 339 U.S. 56, 65, 70 S.Ct. 430, 435, 94 L.Ed. 653 (1950). The reasonable cause which the seizing officer had for believing that the contents of the vehicle offended against the law was an independent ground for seizure, Carroll v. United States, 267 U.S. at 158, 159, 45 S.Ct. at 287, and there was abundant evidence that Agent Brown, from his past ex-

5. "The usual rule is that a police officer may arrest without warrant one believed by the officer upon reasonable cause to have been guilty of a felony, and that he may only arrest without a warrant one guilty of a misdemeanor if committed in his presence. Kurtz v. Moffitt, 115 U.S. 487, 6 S.Ct. 148, 29 L.Ed. 458;

John Bad Elk v. United States, 177 U.S. 529, 20 S.Ct. 729, 44 L.Ed. 874." Carroll v. United States, 267 U.S. 132, 156, 157, 45 S.Ct. 280, 286, 69 L.Ed. 543 (1925).

6. Adams v. United States, 10 Cir., 1967, 375 F.2d 635, 638; United States v. Skinner, 2 Cir., 1959, 272 F.2d 607, 608.

perience with appellants and from the actual witnessing of the loading of the truck, had reasonable cause under the circumstances.

There was substantial evidence to justify the denial by the court of the motion to suppress and to support the verdict. Consequently, taking the view most favorable to the Government, we may not upset the verdict.[7]

If we were to follow appellants' theory to its logical conclusion, there could never be a warrantless arrest for the possession of materials intended for use in violation of the Internal Revenue Laws, inasmuch as "intent," being a subjective quality, could never be observed by the senses.[8]
The construction which appellants urge would also render inoperative the Internal Revenue Laws pertinent to seizure and forfeiture of the prohibited raw materials and the conveyances for the transportation of same.[9]

We say again, as this court said in Chapman v. United States, 5 Cir., 1961, 289 F.2d 539, 542, a case involving one of the same appellants for the identical violation:

"[T]he information which the officers had justified their belief that the sugar was intended for use in violating the provisions of the internal revenue laws. The arrest and seizure were legal, and the motion to suppress was properly overruled."

■ Appellants' contention that the court erred in admitting evidence pertinent to the former purchases of large amounts of sugar by defendant Knight is without merit. In Gilstrap v. United States, 5 Cir., 1968, 389 F.2d 6, 9, in recognizing an exception to the general rules of exclusion, we said:

"[W]here intent and knowledge are essential elements of the crime for which the defendant is being tried, evidence of other transactions, even though criminal in nature, is admissible to prove the necessary criminal intent or guilty knowledge, if the transactions are so connected with the offense charged that they serve to show a general pattern." [10]

The evidence was admissible for the purposes of proving a consistent and recurrent pattern of conduct relevant to the issue of intent.

Affirmed.

7. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); Lacaze v. United States, 5 Cir., 1968, 391 F.2d 516, 519; Gorman v. United States, 5 Cir., 1963, 323 F.2d 51, 52; Walker v. United States, 5 Cir., 1962, 301 F.2d 94, 95; Ah Ming Cheng v. United States, 5 Cir., 1962, 300 F.2d 202, 203.

8. A similar argument was urged and rejected in Carroll v. United States, 267 U.S. 132, 157, 45 S.Ct. 280, 286, 287, 69 L.Ed. 543 (1925).

9. 26 U.S.C. § 7321 provides that "Any property subject to forfeiture to the United States under any provision of this title may be seized by the Secretary or his delegate."
26 U.S.C. § 7301 provides in pertinent part as follows:
"(b). All property found in the possession of any person intending to manufacture the same into property of a kind subject to tax for the purpose of selling such taxable property in fraud of the internal revenue laws, or with design to evade the payment of such tax, may also be seized, and shall be forfeited to the United States.
*     *     *     *     *
"(e). Any property * * * used to transport or for the deposit or concealment of property described in subsection (a) or (b), or any property used to transport or for the deposit or concealment of property which is intended to be used in the making or packaging of property described in subsection (a), may also be seized, and shall be forfeited to the United States."

10. Nye & Nissen v. United States, 336 U.S. 613, 618, 69 S.Ct. 766, 769, 93 L. Ed. 919 (1949). See also Barnett v. United States, 5 Cir., 1967, 384 F.2d 848, 862; Brumley v. United States, 5 Cir., 1967, 379 F.2d 327; Pardo v. United States, 5 Cir., 1966, 369 F.2d 922, 924, 925; 2 Wigmore, Evidence §§ 302–304 (3d ed. 1940); 32 C.J.S. Evidence §§ 579–580.