**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Cleveland JOHNS, Defendant-Appellant.**

**No. 27850.**

United States Court of Appeals,
Fifth Circuit.

Jan. 22, 1970.

Certiorari Denied April 20, 1970.
See 90 S.Ct. 1362.

---

4. See Haner v. United States, 315 F.2d 792, 794 (5th Cir. 1963).

Joseph H. Davis, Macon, Ga., for defendant-appellant.

Walker P. Johnson, Jr., U. S. Atty., D. L. Rampey, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before BELL, AINSWORTH and CARSWELL, Circuit Judges.

AINSWORTH, Circuit Judge:

Cleveland Johns was convicted and sentenced for violation of 26 U.S.C. § 5686(a), relative to possession of property (sugar), knowing that it was intended to be used in the illicit liquor business. Prior to trial appellant moved to suppress the evidence on the basis that there was no probable cause to justify the seizure which was made without a search or arrest warrant. The motion was denied.

Three issues are presented on appeal: whether the evidence was sufficient to sustain the conviction, whether the search of appellant's truck and seizure of the contraband sugar were valid and based on probable cause, and whether the admission in evidence of a prior similar offense was proper under the circumstances.

█ At the hearing of the motion to suppress, there was evidence which established the following facts: State Revenue Agent Huff had received information from an informer on two or three occasions that a driver, whose description matched that of appellant, was transporting large quantities of sugar on U.S. Highway 41 in the vicinity of Macon, Georgia, in a light green, black-bodied International truck, bearing a cer-

tain tag number. On each occasion, however, the driver had eluded Huff. Huff had previously received information from the same source relative to other offenders which had proved valuable and which had led to discovery of whiskey stills and to arrests. On December 5, 1968, Huff was again notified through the same source that the truck was on the move again. Armed with this information, but no search warrant, the agent started out in pursuit of the offender. This time Huff's efforts were fruitful. The truck was spotted on Highway 41 and was being driven by a person who met the description given and who appeared to be a man known to Huff to be a whiskey violator. After having verified the tag number and the description of the truck from the information he had received, Huff stopped the driver and told him to stand by. The bed of the truck appeared to be loaded. Huff contacted Special Investigator Smith of the Alcohol, Tobacco & Firearms Division of the Treasury Department, who arrived on the scene shortly thereafter and observed that the truck was loaded with sugar. Smith arrested appellant after having advised him of his constitutional rights. The truck and its contents, 7,200 pounds of sugar, were seized.

At the jury trial, appellant did not testify nor did he offer any evidence in his behalf. Three witnesses for the Government testified. State Agent Huff, after repeating his testimony relative to stopping the driver of an International truck and contacting Federal Agent Smith, further testified to his familiarity with the ingredients of moonshine whiskey, which includes sugar. He said also that he had known appellant for a long time and was unaware of whether or not appellant was in any kind of business. Federal Agent Smith testified to his conversation with appellant subsequent to arrest. He said that appellant, after having been advised of his constitutional rights, said that he had purchased the sugar and intended to sell it for $13 a bale to anyone in south Georgia willing to buy it. The witness said that appellant admitted to him, however, that he had no bill of sale for the purchase of the sugar and did not plan to furnish one to prospective purchasers. Smith also testified to his knowledge of the necessary ingredients for the making of moonshine whiskey. A third Government witness, State Revenue Agent Poole, testified that approximately 11 months prior to the arrest, he had stopped appellant who was driving an automobile containing 57 bales of sugar, 400 pounds of wheatbran and 46 pounds of yeast, which property was subsequently confiscated by federal authorities.[1]

The cases relied on by appellant to support suppression of the evidence are factually distinguishable. An analysis of Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); Carter v. United States, 5 Cir., 1963, 314 F.2d 386; and Potter v. United States, 5 Cir., 1966, 362 F.2d 493, all of which pertained to warrantless arrests in which convictions were reversed for lack of probable cause, reveals the absence in all three cases of a most significant factor —a proved reliable informant. The testimony of the arresting officer here, who recounted specific instances in which information from the identical source led to arrests, discovery of stills and whiskey paraphernalia, adequately enabled the court to assess the reliability of the informant in the present case and to justify dismissal of the motion to suppress.[2]

---

1. Appellant's conviction growing out of this incident was affirmed by this Court on appeal subsequent to submission of the present case. See United States v. John L. Brown and Cleveland Johns, 5 Cir., 1969, 419 F.2d 1106.

2. See Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925); Brinegar v. United States, 338 U.S. 160, 175–176, 69 S.Ct. 1302, 1310–1311, 93 L.Ed. 1879 (1949). Compare Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

**416**

Likewise, the evidence presented to the jury satisfies the substantiality-of-evidence test of Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L. Ed. 680 (1942). Under 26 U.S.C. § 5686, two elements are necessary for conviction: possession of the contraband and unlawful intent. Appellant argues that proof of intent was lacking. Despite the paucity of the evidence produced, the substance thereof furnished ample justification for a finding of unlawful intent. In our opinion in United States v. John L. Brown and Cleveland Johns,[3] involving the same appellant and the same type of transgression, we said that it "would be farcically naive" to assume that the accused were innocent possessors of sugar. That observation is pertinent here. The large volume of sugar purchased by appellant without a bill of sale, the unrealistic statement by appellant of his intention to sell to any willing buyer, evidence of appellant's former encounter with the law as a result of similar activities, provided an adequate basis for reasonable inferences to support a finding of illegal intent and a consequent guilty verdict. See United States v. Chapman, 5 Cir., 1969, 413 F. 2d 440; Chapman v. United States, 5 Cir., 1959, 271 F.2d 593. Compare Williams v. United States, 5 Cir., 1966, 361 F.2d 280.

Appellant's final contention that the court erred in admitting evidence concerning a former seizure of "moonshine" ingredients from appellant, is without merit. Its admission for the purpose of showing a former pattern as evidence of present state of mind and intent was proper. See United States v. Chapman, supra, 413 F.2d at 444, and the various supporting cases and authorities cited therein.

Affirmed.