432 F.2d 51
 UNITED STATES of America, Plaintiff-Appellee,
v.
James NEWSOME and Mattie Ruth Bowens, Defendants-Appellants.
 No. 29773 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 September 30, 1970.
 
 Floyd M. Buford (court-appointed), Macon, Ga., for defendants-appellants.
 William J. Schloth, U. S. Atty., D. L. Rampey, Jr., Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 AINSWORTH, Circuit Judge:
 
 
 1
 Appellants James Newsome and Mattie Ruth Bowens, having waived jury trial, were tried by the court and convicted of possessing and transporting nontaxpaid whiskey, in violation of 26 U.S.C. §§ 5205(a) (2) and 5604(a). We affirm. Appellants' contentions are twofold: (1) The warrantless arrest was without probable cause, and the whiskey seized as a result of the consequent alleged illegal search of their vehicle should have been suppressed; (2) the trial court erred in refusing to require disclosure of the identity of a messenger who notified Treasury Agent Durham that his informer wanted to see him.
 
 
 2
 The sequence of events which led to the arrests and seizure are briefly summarized. On the night of November 18, 1969, Agent Durham was told by a "messenger" that an informer wanted to see him. Durham contacted the informer who revealed that Bowens and Newsome, driving a white 1960 or 1961 Ford, tag No. 5-J-17112, had left Macon, Georgia, to pick up some liquor in Jones County and were expected to return to Macon some time prior to 8:00 a. m. the following day, via Highway 49 or the Miller Field Road. The roads were observed and at about 8:00 a. m. the next day, Agent Durham and two officers noticed the previously described vehicle turning on to Miller Field Road. The Bowens woman was driving and Newsome was seated beside her. Durham flashed his red lights, pulled in behind the Ford, and noticed at the time that Newsome bent down and apparently pushed something beneath the front seat. When the Ford stopped Agent Durham detected three one-gallon jugs partially concealed behind Newsome's legs. The jugs were removed from the right front floorboard and found to contain nontaxpaid whiskey. The customary constitutional warnings were given.
 
 
 3
 The informer's reliability had been previously established on numerous occasions. Information secured from him in the past had led to seizures of whiskey and arrests. The Agent knew the informer and appellants personally. He also knew that Newsome had a record for dealing in nontaxpaid whiskey and had used the described vehicle on other occasions for transporting his contraband. Newsome and Bowens had been formerly seen together in the same car.
 
 
 4
 The evidence establishing probable cause for Agent Durham to believe an offense was being committed was substantial. Under these circumstances, a warrantless arrest is lawful. Brinegar v. United States, 338 U.S. 160, 174, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949); United States v. Chapman, 5 Cir., 1969, 413 F.2d 440, 443; United States v. Johns, 5 Cir., 1970, 421 F.2d 413, 415. It follows that the seizure of the whiskey incident to the arrest and its admission into evidence was likewise lawful. Carroll v. United States, 267 U.S. 132, 159, 45 S.Ct. 280, 287, 69 L.Ed. 543 (1925); United States v. Chapman, supra, 413 F.2d at 443.
 
 
 5
 Appellants contend that the court at the hearing on the motion to suppress deprived them of their right to confrontation. There is no constitutional infirmity in refusing to require disclosure at a suppression hearing of the name of an informant whose tip led to a warrantless arrest. McCray v. State of Illinois, 386 U.S. 300, 313, 314, 87 S.Ct. 1056, 1064, 18 L.Ed.2d 62 (1967); Cooper v. State of California, 386 U.S. 58, 62 n. 2, 87 S.Ct. 788, 791, 17 L.Ed.2d 730 (1967); Jimenez v. United States, 5 Cir., 1968, 397 F.2d 271. A fortiori, where identity disclosure is requested of the intermediary or messenger, whose sole mission was to inform the Goverment agent of the informer's wish to talk with him, the contention of a constitutionally protected right is frivolous.
 
 
 6
 Affirmed.
 
 
 
 Notes:
 
 
 *
 [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I