**UNITED STATES of America,**
**Defendant-Appellee,**

v.

**Lonell ROBERTS, Plaintiff-Appellant.**

No. 29276.

United States Court of Appeals,
Fifth Circuit.

Nov. 3, 1970.

Michael J. Rune, Dallas, Tex., for plaintiff-appellant.

Eldon B. Mahon, U. S. Atty., Wm. F. Sanderson, Jr., Charles D. Cabaniss, Asst. U. S. Attys., for defendant-appellee.

Before COLEMAN, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellant Lonell Roberts was indicted for possessing two Sears Silvertone AM-FM Stereo Units, valued in excess of $100, stolen while moving in interstate commerce, and knowing same to be stolen, in violation of 18 U.S.C. § 659. He moved for suppression of the evidence which the court denied after hearing. A jury subsequently found him guilty as charged. We affirm.

This appeal presents the question of the validity of the warrantless search of the automobile in which appellant was riding shortly before he was apprehended.

The following evidence was adduced from the hearing on the motion to suppress, at which the two arresting officers testified. At approximately 10:20 on the night of August 20, 1969, Dallas, Texas Police Officers Reynolds and Newsom, while on routine patrol duty in the City of Dallas, observed a Chevrolet automobile exceeding the speed limit. They also saw that four male passengers were occupying the front seat of the vehicle. On the back seat of the car was a large sealed carton. A similar carton was in the trunk compartment of the vehicle and the lid of the trunk was flapping against it. Visible on both boxes were the words "Sears" and "Stereo Console." When the Chevrolet passed the officers' vehicle, all four passengers turned to look at the police patrol car. The officers were aware that there was a large truck terminal warehouse on Oak

Lane approximately three blocks away.[1] This combination of circumstances aroused the officers' suspicion that the cartons contained stolen merchandise. After following the car for two or three blocks, they signalled the driver to stop. Immediately two of the passengers alighted from the Chevrolet and fled, further augmenting the officers' belief that a crime was being committed. Appellant, who was seated next to the driver, appeared to be attempting to make a quick exit. The officers approached the car and arrested the two occupants for "burglary, theft, violation of the State Inspection Law and alias tickets." The interior of the car was then searched for weapons; however, none was found. The testifying officers explained that this search was made for their protection inasmuch as it is customary to separate two prisoners, one of whom must accompany one of the officers in the seized vehicle, the other to ride in the squad car, to the police station.

Appellant contends that the search and seizure were invalid and that the court erred in overruling his motion to suppress the evidence seized.[2]

The Supreme Court has made it abundantly clear that the test for admissibility of evidence obtained from a warrantless search of motor cars is one of reasonableness. In Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), the admissibility in evidence of contraband liquor seized from a vehicle as the result of a warrantless search was at issue. In considering the circumstances under which a warrantless search of a vehicle may be made, the Court said:

"The measure of legality of such a seizure is, therefore, that the seizing officer shall have reasonable or probable cause for believing that the automobile which he stops and seizes has contraband liquor therein which is being illegally transported.

\* \* \* \* \* \*

"The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law."

267 U.S. at 155–156, 158–159, 45 S.Ct. at 286, 287.

Neither the passage of time nor the numerous search-and-seizure decisions which have been handed down since Carroll have affected its validity. In the recent Supreme Court decision of Chambers v. Maroney, 399 U.S. 42, 49, 90 S.Ct. 1975, 1980, 26 L.Ed.2d 419 (1970), the above-quoted language was reiterated with approval, and the Court further observed:

"[T]he circumstances which furnish probable cause to search a particular auto for particular articles are most often unforeseeable; moreover, the opportunity to search is fleeting since a car is readily movable. Where this is true, as in Carroll and the case before us now, if an effective search is to be made at any time, either the search must be made immediately without a warrant or the car itself must be seized and held without a warrant for whatever period is necessary to obtain a warrant for the search."

399 U.S. at 51, 90 S.Ct. at 1981. See also Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629 (1931); Scher v. United States, 305 U.S. 251,

1. It was established at the trial that the two cartons had been stolen from a trailer at this warehouse area.

2. In addition to relying on the evidence supporting probable cause for the search, the Government primarily contends that no actual "search" was made from which the evidence sought to be suppressed was introduced. Relying on the "plain view" doctrine, the Government argues that since the cartons and the lettering thereon were visible to the police officials from the moment they observed the speeding vehicle, no Fourth Amendment rights were violated. See Williams v. United States, 5 Cir., 1968, 404 F.2d 493; United States v. Johnson, 5 Cir., 1969, 413 F. 2d 1396, affirmed en banc, 431 F.2d 441 (1970).

59 S.Ct. 174, 83 L.Ed. 151 (1938); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); United States v. Chapman, 5 Cir., 1969, 413 F.2d 440; Matthews v. United States, 5 Cir., 1969, 407 F.2d 1371; Williams v. United States, 5 Cir., 1968, 404 F.2d 493.

 The underlying circumstances of this case amply support our conclusion that the police officers had reasonable cause to believe that the vehicle in which appellant was riding contained stolen merchandise, thereby justifying the search and the District Court's denial of appellant's motion to suppress.

Affirmed.

GODBOLD, Circuit Judge (specially concurring):

I concur in the result, solely on the basis of the plain view doctrine.