**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John Ed RODGERS, Defendant-Appellant.**

**No. 31026**

**Summary Calendar.**[*]

United States Court of Appeals,
Fifth Circuit.

April 30, 1971.

Horace T. Clary, Clary & Kent, Rome, Ga., for defendant-appellant.

John E. Rodgers, pro se.

John W. Stokes, Jr., U. S. Atty., Robert E. Whitley, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

After conviction for possessing 540 gallons of non-tax-paid whiskey in violation of 26 U.S.C.A. §§ 5205(a) (1) and 5604(a) (1), Rodgers appeals. He argues that the District Court erroneously denied his motion to suppress evidence seized by federal agents during a warrantless search of his camper-truck. This contention is premised principally on the assertion that the agents lacked probable cause to search the vehicle. We affirm.

The hearing on the motion to suppress developed the events preceding and the circumstances surrounding the warrantless search. On January 25, 1970, Federal Agent Palmer received information from an informer that Rodgers was transporting non-tax-paid whiskey from North Carolina into Chattooga County, Georgia. The informant stated that

* [1] Rule 18, 5 Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part. I.

Rodgers was using a camper-equipped 1968 Ford pickup truck to transport the illicit liquor, and that the vehicle bore either a North Carolina or a Virginia license plate. He further told Palmer that Rodgers had already made several trips into Chattooga County and would return soon. Attesting to the reliability of the informer, Palmer noted that this same individual had previously given him accurate information: in one particular instance, this information had led to the seizure of a load of non-tax-paid whiskey and the arrest and conviction of one individual. Furthermore, although Palmer was not personally acquainted with Rodgers, he learned that Rodgers had been convicted of liquor law violations in Virginia and North Carolina.

At 5:00 a. m. on January 27, Palmer received a telephone call from the informant, reporting that Rodgers had arrived in Chattooga County with a load of non-tax-paid whiskey. Palmer and Spencer, another federal agent, then began searching the county for Rodgers. When their efforts proved unsuccessful, Palmer telephoned the informer, who provided a telephone number where Rodgers could be reached. By cross-checking the number, Palmer discovered that it was listed in the name of Charles W. White on Maddox Lake Road. Palmer and Spencer drove to the White residence, where they began surveillance. They observed a camper-equipped 1968 Ford pickup truck parked in the front yard. Using binoculars, Palmer determined that the truck did not have a Georgia license plate. However, he could not ascertain, due to the distance involved, what state had issued the plate. Consequently Spencer left the observation post and drove past the house. He returned with information that the truck bore a current North Carolina license plate. Neither agent was able to look inside the vehicle because curtains in the camper were drawn.

At approximately 11:10 a. m., Palmer again contacted the informant. He was advised that Rodgers would drive the truck on Maddox Lake Road to its intersection with Spring Creek Road at 11:20. Thereupon, in an unmarked government vehicle, Palmer and Spencer drove toward the intersection. As they approached on Spring Creek Road, Palmer noticed the pickup travelling on Maddox Lake Road. Palmer turned onto Maddox Lake Road, facing the truck. Immediately the truck stopped: occupied by one person, it was about 50 yards from the intersection. Palmer then stopped in front of the truck. He identified himself and requested the driver's license for identification. After Rodgers produced his license, Palmer walked to the rear of the truck, opened the tailgate, and found 540 gallons of non-tax-paid whiskey. Rodgers was arrested.

■ Carroll v. United States, 1925, 267 U.S. 132, 149, 45 S.Ct. 280, 283–284, 69 L.Ed. 543, states the pertinent rule: "if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid." *See* Brinegar v. United States, 1949, 338 U.S. 160, 175–176, 69 S.Ct. 1302, 93 L.Ed. 1879; Williams v. United States, 5 Cir. 1968, 404 F.2d 493, 494; Bailey v. United States, 5 Cir. 1967, 386 F.2d 1, 3, cert. denied, 392 U.S. 946, 88 S.Ct. 2300, 20 L.Ed.2d 1408. While the prosecution must bear the burden of persuasion with regard to probable cause for a warrantless search, the Government need not establish probable cause beyond a reasonable doubt. *See* Brinegar v. United States, *supra* at 174, 69 S.Ct. 1302; Manuel v. United States, 5 Cir. 1966, 355 F.2d 344, 346. Nor must a finding of probable cause rest upon evidence which is legally competent in a criminal trial. Draper v. United States, 1959, 358 U.S. 307, 311–312, 79 S.Ct. 329, 3 L.Ed. 2d 327; Brinegar v. United States, *supra* at 172–174, 69 S.Ct. 1302.

■ Here Palmer testified that his informant was reliable, and provided a

specific instance to corroborate his conclusion. *See* United States v. Johns, 5 Cir. 1970, 421 F.2d 413, 415, cert. denied, 397 U.S. 1041, 90 S.Ct. 1362, 25 L. Ed.2d 652. *Compare* Draper v. United States, *supra* at 312–313, 79 S.Ct. 329, *with* Potter v. United States, 5 Cir. 1966, 362 F.2d 493, 498. Moreover, prior to the search, federal agents substantiated each of the informant's allegations, except Rodgers' actual possession of non-tax-paid whiskey; Rogers was using a camper-equipped 1968 Ford pickup; the truck bore a North Carolina license plate; Rodgers was in Chattooga County; the telephone number where he could be reached corresponded to the residence where his truck was initially observed; Rodgers drove his truck on Maddox Lake Road at approximately 11:20. Clearly, then, the informant's tip was not an attempt to propagate "a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." Spinelli v. United States, 1969, 393 U.S. 410, 416, 89 S.Ct. 584, 589, 21 L.Ed.2d 637. Finally, Palmer augmented the informant's disclosures with his own research and observations. That Rodgers' acts observed by Palmer that morning would not alone have satisfied the requirements of probable cause does not compromise the legality of the search or taint the evidence gathered during it. *See* McCray v. Illinois, 1967, 386 U.S. 300, 301–304, 87 S.Ct. 1056, 18 L.Ed.2d 62; Draper v. United States, *supra*; United States v. Mitchell, 8 Cir. 1970, 425 F.2d 1353; Bailey v. United States, *supra.*

Under the circumstances *sub judice*, Palmer had probable cause to search Rodgers' vehicle at the moment in question. *See* Draper v. United States, *supra*; United States v. Mitchell, *supra*; United States v. Brown, 5 Cir. 1969, 411 F.2d 478, 479; Bailey v. United States, *supra.* Indeed, while a determination of probable cause necessitates a case-by-case analysis, the quantum of pre-search information amassed here is, in many respects, parallel to and equivalent to that deemed worthy of consideration in *Draper. See also* United States v. Mitchell, *supra.*

In light of *Carroll*, it is obvious that once probable cause for Palmer's search existed, no warrant was required to authorize it. *See also* Chambers v. Maroney, 399 U.S. 42, 51–52, 90 S.Ct. 1975, 26 L.Ed.2d 419. An immediate warrantless search was constitutionally permissible in the factual context of this case.

Affirmed.