**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Alfredo OMALZA, Defendant-Appellee.**

**No. 73-1042.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted June 19, 1973.

Decided Sept. 21, 1973.

Jerry Cord Wilson, Asst. U. S. Atty. (William R. Burkett, U. S. Atty., Jerry Cord Wilson, Asst. U. S. Atty., Oklahoma City, Okl., on the brief), for plaintiff-appellee.

Howard Lynn Wisdom, Oklahoma City, Okl., for defendant-appellant.

Before JONES,* HILL and SETH, Circuit Judges.

PER CURIAM:

Alfredo Omalza, the appellant, was convicted of possessing an unregistered firearm in violation of 26 U.S.C.A. § 5861(d).

From the evidence it appeared that on July 15, 1972, Officer Bridges of the Oklahoma City, Oklahoma, Police Department responded to a domestic disturbance call at the apartment of appellant's former wife. At the request of Officer Bridges and the former wife, the appellant left the apartment. About twenty minutes later Officer Bridges saw the appellant driving his car a few blocks from his former wife's apart-

---

* Of the Fifth Circuit, sitting by designation.

**1192**

ment. The appellant, apparently recognizing Officer Bridges, made several evasive turns and finally entered a dead-end street. Officer Bridges used his patrol car to block appellant's exit. Bridges had heard a report that appellant had threatened to kill his former wife and, as appellant got out of his car, the officer asked appellant about this intention. As the conversation continued, the appellant appeared to be nervous and began to move toward the front seat of his car. The appellant was then "patted down" for weapons. He was found not to have any weapon on his person.

After being twice warned by Bridges to move away from his car, Officer Bridges looked through the window into the front seat. He saw what appeared to be a pistol and a box of 12-gauge shotgun shells. Bridges opened the front door of the car on the driver's side and reached for the pistol. The appellant walked behind Bridges toward the rear door on the driver's side of the car. Appellant then, complying with Bridges' order, placed his hands on the front of the car. The pistol on the front seat was in fact a cigarette lighter. Two of the shotgun shells in the front of the car had been fired recently.

Officer Bridges opened the left rear door of the car. The back seat was folded down with a large amount of tools and other material on top of the folded seat. Bridges ran his hand under the folded down part of the back seat. He felt the butt end of a weapon and withdrew a sawed-off shotgun. The appellant was placed under arrest. His indictment and conviction followed. On appeal the sole ground asserted is that the search of the appellant's car and the seizure of the gun were invalid.

The efforts of the appellant to avoid being stopped by Officer Bridges, his evasive conduct, his efforts to edge his way to the door of his car were acts constituting suspicious conduct. The officer neither searched nor seized when he looked into appellant's car. The presence in the car of what appeared to be a pistol justified the opening of the car door and a further examination of the shotgun shells which were in plain view. The presence of recently fired empty shotgun shells, under the circumstances, justified the belief that the car contained the weapon in which the shells were fired and authorized the search. There was probable cause for the search of the car and the seizure of the gun. No error was committed in the overruling of the motion to suppress or in the admission of the gun in evidence. The Fifth Circuit Court of Appeals has thus stated the principle: "[A] reasonable warrantless search of a moving vehicle may be properly made in the absence of a prior arrest so long as there is probable cause for the search." Williams v. United States, 5th Cir. 1968, 404 F.2d 493. Since the search was valid, the conviction must stand. The judgment of the district court is

Affirmed.