**Francis Jarad SCHULTZ, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 22523.**

United States Court of Appeals Fifth Circuit.

May 16, 1966.

Rehearing Denied June 10, 1966.

Waldense D. Malouf, Clearwater, Fla. (Court-appointed counsel), for appellant.

Kendall W. Wherry, Asst. U. S. Atty., E. J. Salcines, Asst. U. S. Atty., Edward F. Boardman, U. S. Atty., for appellee.

Before WISDOM and COLEMAN, Circuit Judges, and HUGHES, District Judge.

PER CURIAM:

The United States prosecuted Francis Jarad Schultz on a three-count indictment charging interstate transportation of falsely made and forged checks in violation of 18 U.S.C. § 2314. After a federal district court jury found Schultz guilty, the district court, on April 9, 1965, imposed concurrent sentences of three years' imprisonment on each count. Schultz appeals.

We have carefully considered all of the appellant's contentions. Only one deserves brief comment. Schultz argues that he was denied the preliminary examination required by the Federal Rules of Criminal Procedure.[1] The record shows that on the day of his arrest, January 15, 1965, Schultz appeared before a United States commissioner in New Orleans. There Schultz signed a form which in part stated that the commissioner:

[has] informed me of the charge and of my right to retain counsel and to have a hearing and to execute a waiver thereof, [and I] do hereby waive a hearing before the aforementioned commissioner and consent to the issuance of a warrant for my removal to

1. Paragraph (c) of Rule 5 reads in part as follows:
  "*Preliminary Examination.* The defendant shall not be called upon to plead. If the defendant waives preliminary examination, the commissioner shall forthwith hold him to answer in the district court. If the defendant does not waive examination, the commissioner shall hear the evidence within a reasonable time. The defendant may cross-examine witnesses against him and may introduce evidence in his own behalf. * * *"

the Middle district of Florida where the aforesaid charge is pending against me.

The commissioner's order of commitment, also dated January 15, 1965, states that Schultz "duly waived preliminary examination."

The record therefore indicates that Schultz waived preliminary examination. Even if he waived only the removal hearing, as counsel on appeal contends, his subsequent indictment by a federal grand jury cures the alleged omission of a preliminary hearing. See United States v. Gray, D.D.C. 1949, 87 F.Supp. 436.

The judgment of the district court is affirmed.