**Wesley GRANT, Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

No. 26635.

United States Court of Appeals
Fifth Circuit.

Feb. 5, 1969.

Wesley Grant, pro se.

Ernest Morgan, U. S. Atty., Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This appeal is from the denial of a motion to vacate judgment and sentence, 28 U.S.C.A. § 2255, without an evidentiary hearing. Having studied the briefs and record, we have determined that this appeal is appropriate for summary disposition without oral argument. Pursuant to new Rule 18 of the Rules of the United States Court of Appeals for the Fifth Circuit, the Clerk of this Court has been directed to put this case on the summary calendar and notify the parties in writing.[1]

---

1. In order to establish a docket control procedure, the Fifth Circuit adopted new

Rules 17–20 on December 6, 1968. All four of these new rules are reproduced in

■ The appellant contends that he was denied his right to a preliminary hearing. The District Court credited the record of the commissioner that the appellant, after being advised of his rights, waived the hearing and appointment of counsel. The court properly held that the subsequent indictment of the appellant cured any possible error. Schultz v. United States, 5 Cir., 1966, 360 F.2d 616.

■ The District Court also held that the appellant's contention that his confession was involuntary did not entitle him to a hearing, because the conviction was based on a valid plea of guilty. We agree. Busby v. Holman, 5 Cir. 1966, 356 F.2d 75; Streator v. United States, 5 Cir. 1968, 395 F.2d 661; Pursley v. United States, 5 Cir. 1968, 391 F.2d 224.

■■ Appellant's contentions that he was denied effective assistance of counsel, and that Rule 11, F.R.Crim.P., was not complied with, were wholly contradicted by the files and records of the case including the transcripts of the arraignment and sentencing proceedings which the District Court conducted with commendable thoroughness. Appellant's further contention that the indictment was invalid is frivolous.

No error appearing in the judgment of the District Court, it is

Affirmed.

## APPENDIX
### RULES OF THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT
#### RULE 17
#### DOCKET CONTROL

In the interest of docket control, the chief judge may from time to time, in his discretion, appoint a panel or panels to review pending cases for appropriate assignment or disposition under Rules 18, 19 or 20 or any other rule of this court.

---

#### RULE 18
#### SUMMARY CALENDAR

(a) Whenever the court, sua sponte or on suggestion of a party, concludes that a case is of such character as not to justify oral argument, the case may be placed on the summary calendar.

(b) A separate summary calendar will be maintained for those cases to be considered without oral argument. Cases will be placed on the summary calendar by the clerk, pursuant to directions from the court.

(c) Notice in writing shall be given to the parties or their counsel of the transfer of the case to the summary calendar.

#### RULE 19
#### MOTION TO DISMISS OR AFFIRM

Within fifteen days after the appeal has been docketed in this court, the appellee may file a motion to dismiss or a motion to affirm. Where appropriate, a motion to affirm may be united in the alternative with a motion to dismiss. The fifteen day provision may be waived by the court on proper showing of reasonable excuse for delay in filing a motion to dismiss or affirm, upon such terms and conditions as the court may prescribe, or such waiver may be granted sua sponte on the part of the court.

(a) The court will receive a motion to dismiss any appeal on the ground that the appeal is not within the jurisdiction of this court.

(b) The court will receive a motion to affirm the judgment sought to be reviewed on the ground that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.

The motion to dismiss or affirm shall be filed with the clerk in conformity with Rule 27 of the Federal Rules of Appellate Procedure.

The appellant shall have ten days from the date of receipt of the motion to dismiss or affirm within which to file

---

the Appendix to this opinion. For a general discussion of the need for and propriety of summary review of certain appeals, see Groendyke Transport, Inc. v. Davis, 5th Cir. 1969, 406. F.2d 1158.

a response opposing the motion. Such response may be typewritten and four copies, with proof of service, shall be filed with the clerk. Upon the filing of such response, or the expiration of the time allowed therefor, or express waiver of the right to file, the record on appeal, motion and response shall be distributed by the clerk to the court for its consideration.

After consideration of the papers distributed pursuant to the foregoing paragraph the court will enter an appropriate order.

The time for filing briefs pursuant to Rule 31 of the Federal Rules of Appellate Procedure shall not be tolled or extended by the filing of a motion to dismiss or affirm.

### RULE 20
### FRIVOLOUS AND UNMERITO-
### RIOUS APPEALS

If upon the hearing of any interlocutory motion or as a result of a review under Rule 17, it shall appear to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed without the notice contemplated in Rules 18 and 19.