**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Henry BROWN, Defendant-Appellant.**

**No. 26965.**

United States Court of Appeals Fifth Circuit.

May 9, 1969.

Rehearing Denied June 6, 1969.

---

7. The long range effect of the "misbehavior" basis of the order on appellant, if any, is purely conjectural.

B. Clarence Mayfield, Savannah, Ga., for appellant.

Floyd M. Buford, U. S. Atty., D. L. Rampey, Jr., Asst. U. S. Atty., Macon, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, GODBOLD, Circuit Judge, and CABOT, District Judge.

CABOT, District Judge:

Appellant, John Henry Brown, was convicted on two counts of possession and transportation of nontaxpaid liquor. 26 U.S.C. §§ 5205(a) (2) and 5604(a). His sole point on appeal centers around the warrantless pre-arrest search of his automobile by Special Investigator Bob Griffith of the Alcohol and Tobacco Tax Office.

On June 18, 1968, at about 6:15 P.M., Agent Griffith was telephoned by an informant that the defendant was transporting a quantity of moonshine in the trunk of his auto. The informant de-scribed the auto and gave the tag number. In addition, he located the section of town to which the defendant was allegedly proceeding. On two prior occasions this same informer had given information which resulted in seizure of a substantial quantity of moonshine in one instance, and discovery and destruction of an illegal still in another.

Agent Griffith and two City of Macon policemen, attached to his office, immediately drove towards the area where defendant was to be. Upon sighting and following his vehicle they noticed that the trunk appeared to be heavily loaded, since the rear end bounced on bumps and the tires bulged. Furthermore, they noticed the trunk key in the lock, which the testimony showed is a common practice of transporters of illegal whiskey. They then motioned to defendant to pull over. Upon approaching the vehicle, Agent Griffith could smell the odor of moonshine and, in addition, observed bars of toilet deodorant on the front seat (ostensibly, though not successfully, used to mask the odor of the moonshine). When Brown refused to open the trunk, Agent Griffith did and found approximately 100 gallons of untaxpaid whiskey.

The facts presented here reveal a "classic" Carroll Doctrine search. That is, a reasonable search may be made of a vehicle which is easily and quickly movable, without a warrant and in the absence of a prior arrest, so long as there is probable cause to believe that the vehicle contains contraband. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280 69 L.Ed. 543 (1925); Williams v. United States, 404 F.2d 493 (5 Cir. 1968).

As this Court recently said:

In ascertaining "probable cause" we start with the basic definition that there is probable cause to search when there exists facts and circumstances sufficient to warrant a reasonably prudent man to believe that the vehicle contains contraband. [Citing cases] Williams v. United States, supra at 494.

Here the agents had precise information from a reliable informant which was corroborated by objective facts, such as the heavily loaded vehicle, the odor of moonshine and the other indicia of a professional moonshine transporter, to-wit: the key in the trunk and the use of toilet deodorant. When taken together, it is clear that these constitute facts and circumstances sufficient to warrant a reasonably prudent man to believe the vehicle contained contraband. There being no infringement of any Fourth Amendment rights of defendant, the court properly denied the motion to suppress.

Affirmed.