The GOVERNMENT OF the CANAL ZONE, Plaintiff-Appellee,

v.

Arnold Maxwell BROOKS, Defendant-Appellant.

No. 28373

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 18, 1970.

Albert J. Joyce, Jr., Balboa, Canal Zone, John D. Goodwin, Shreveport, La., for defendant-appellant.

Rowland K. Hazard, U. S. Atty., Balboa, Canal Zone, for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM.

■ Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

Brooks was convicted of the crime of returning to a military reservation after having been ordered not to reenter the reservation by the base commander, in contravention of 18 U.S.C. § 1382.[1] Brooks appeals his conviction; we affirm.

The Post Commander of Fort Amador, Canal Zone, observed Brooks, the son of a civilian employee on the base, smoking what he took to be a marijuana cigarette within the confines of Fort Amador, and, on another occasion, observed Brooks speeding his automobile within the reservation. The commander testified that he dispatched a letter through ordinary mail to Brooks, barring him from the reservation, but later, in order to satisfy applicable Army regulation, personally delivered a formal letter of barment to Brooks on December 28, 1968. Brooks acknowledged receipt of the letter by his signature upon delivery and this acknowledgment was witnessed by a Major Starr, who accompanied the base commander. Brooks was observed within the confines of Fort Amador on two subsequent occasions and these reentries serve as the basis of the conviction.

Brooks contends that the formal letter of barment failed to comply with the applicable regulation, United States Army Forces Southern Command Regulation 210–2, entitled "Installations—Expulsion of individuals from United States Army Reservations and Licensed Areas",[2] in that only one witness, Major Starr, certified to the letter's delivery, instead of the requisite two witnesses, and that the letter was thereby null and void.

■ It is well established that the commanding officer of a military installation has the right to summarily exclude civilians from the installation without violating the requirements of the due process clause. Cafeteria and Restaurant Workers, etc. v. McElroy, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961); United States v. Brown, 5 Cir., 1969, 411 F.2d 478; *Cf.* Weissman v. United States, 10 Cir., 1967, 387 F.2d 271. It is equally well established that it is a denial of due process for any government agency to fail to follow its own regulations providing for procedural safeguards to persons involved in adjudicative processes before it. Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959); Service v. Dulles, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957); United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954).

---

1. Section 1382 provides:

Whoever, within the jurisdiction of the United States, goes upon any military, naval, or Coast Guard reservation, post, fort, arsenal, yard, station, or installation, for any purpose prohibited by law or lawful regulation; or

Whoever reenters or is found within any such reservation, post, fort, arsenal, yard, station, or installation, after having been removed therefrom or ordered not to reenter by any officer or person in command or charge thereof—

Shall be fined not more than $500 or imprisoned not more than six months, or both.

2. Regulation 210–2 provides in pertinent part:

4.(b) 1. Installation commanders who determine that a person is to be expelled from the U. S. Army reservation which they command will prepare a letter utilizing Appendix A or B as a guide. Receipt of the letter must be acknowledged in writing by the person expelled. * * * The expulsion letter receipt will be signed by the officer delivering the letter and two witnesses. * * *

Brooks was not denied due process by the Army's failure to have two witnesses attest to the delivery of the formal letter of barment as required by Regulation 210–2 since the deviation in no way deprived him of the procedural safeguard of notice or prejudiced his rights in any adjudicative proceeding. It is uncontroverted that Brooks had adequate notice of his barment from Fort Amador, notice that he acknowledged by his own signature; consequently, he has suffered no prejudice and the Army's non-compliance with its own regulation in this case can only be described as *de minimis*.

The judgment of the District Court is hereby

Affirmed.