**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Tom HILL and Leroy Hill, Defendants-Appellants.**

**No. 31086.**

United States Court of Appeals, Fifth Circuit.

May 5, 1971.

Thomas M. Jackson, Macon, Ga., for defendants-appellants.

William J. Schloth, U. S. Atty., D. L. Rampey, Jr., Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before WISDOM, BELL and AINSWORTH, Circuit Judges.

WISDOM, Circuit Judge:

Tom and Leroy Hill were convicted by a jury on a two-count indictment charging them with possession and transportation of nontaxpaid whiskey, in violation of 26 U.S.C. §§ 5205(a) (2), 5604(a). The district court placed Leroy on probation for a period of two years and sentenced Tom to serve two concurrent terms of eighteen months each in the custody of the Attorney ·General. Both defendants have appealed. We affirm.

## I.

Both Tom and Leroy contend that the district court erred in denying their motion to suppress the evidence of the whiskey discovered in the trunk of Leroy's automobile on the ground that the search of Leroy's car was without a warrant or probable cause and therefore in violation of the Fourth Amendment. It is undisputed that at the time the Government agents searched Leroy's car they possessed neither an arrest nor a search warrant. Thus the question presented is whether in the circumstances of this case the agents were entitled to search Leroy's car without a warrant.

The Supreme Court has recently spoken on the subject of warrantless searches of automobiles. In Chambers v. Maroney, 1970, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, the Court said:

> In terms of the circumstances justifying a warrantless search, the Court has long distinguished between an automobile and a home or office. In Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 [39 A.L.R. 790] (1925), * * * the Court held that automobiles and other conveyances may be searched without a warrant in circumstances that would not justify the search without a warrant of a house or an office, provided that there is probable cause to believe that the car contains articles that the officers are entitled to seize.

399 U.S. at 48, 90 S.Ct. at 1979, 26 L. Ed.2d at 426. *See also* Dyke v. Taylor Implement Mfg. Co., 1968, 391 U.S. 216, 221, 88 S.Ct. 1472, 20 L.Ed.2d 538, 543; Brinegar v. United States, 1949, 338 U. S. 160, 164, 69 S.Ct. 1302, 93 L.Ed. 1879, 1884; United States v. Blackwell, 5 Cir. 1970, 430 F.2d 1270, 1272; United States v. Brown, 5 Cir. 1969, 411 F.2d 478, 479. Our task in this case is thus to examine the record to see whether at the moment the Government agents stopped Leroy's car they had probable cause to believe that the car contained nontaxpaid whiskey, the possession and transportation of which is illegal and which Government agents are authorized to seize and not return.

Agent Harding testified that some thirty days before the events in question he had received information from an informant that the Hill family was in the illicit whiskey business, that they were hauling whiskey in a number of trucks and late-model automobiles, and that the residence of Willie Hill, the father of Tom and Leroy, was the center of the operation. The informant was known to Agent Harding to be reliable, since he had supplied information on two previous occasions that had led to the seizure of nontaxpaid whiskey.

At about 8:00 p. m. on July 18, 1970, this same informant told Agent Harding that the Hill family would be transporting nontaxpaid whiskey that evening on Highway 49 from the Baldwin-Jones county line to Milledgeville, Georgia. The informant said that a 1969 Plymouth Roadrunner, black over yellow, 1970 Georgia license number 24–1264, would be used to haul the whiskey and would pick it up somewhere near the residence of Willie Hill.

Immediately upon receipt of that information Government agents set up surveillance of the Hill residence. Shortly thereafter, the agents saw an automobile matching the above description drive up to the Hill residence and disappear behind the house. The vehicle remained there for about ten minutes and then left on Highway 49, heading toward Milledgeville. The car then contained four people. This information

was radioed to Agent Harding on Highway 49. When Agent Harding spotted the car, he immediately noticed that the vehicle appeared to be heavily loaded. He followed the car for approximately a mile and then stopped it.

He identified himself to the occupants, told them that he had information that they were transporting nontaxpaid whiskey, and asked them to step out of the car while he searched it. When he requested that they open the trunk, Leroy Hill, the driver of the car, told him that he had "lost" the key to the trunk. Agent Harding therefore waited until the other agents arrived on the scene and then broke into the trunk through the back seat of the car. There the agents found three fifteen-gallon plastic containers filled with nontaxpaid whiskey.

■ From this evidence we hold that at the moment the agents searched Leroy's car, they had probable cause to believe that the vehicle contained nontaxpaid whiskey, which they were entitled to seize. It necessarily follows then that the district court did not err in denying the Hills' motion to suppress the evidence.

## II.

■ Tom Hill contends that the district court erred in denying his motion for judgment of acquittal on the ground that the Government's evidence was insufficient to support his conviction. He argues that the Government's evidence shows merely that he was a passenger in an automobile in which illicit whiskey was being transported and not that *he* was involved in transporting it. We cannot agree.

On a motion for judgment of acquittal, the test is whether, taking the view most favorable to the Government, a reasonably minded jury could accept the relevant evidence as adequate and sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt. United States v. Warner, 5 Cir.

1971, 441 F.2d 821; Sanders v. United States, 1969, 5 Cir., 416 F.2d 194, 196; Jones v. United States, 5 Cir. 1968, 391 F.2d 273, 274.

In addition to the evidence set out above in connection with the search of Leroy Hill's automobile, the Government introduced the following evidence to connect Tom Hill with the illicit whiskey operation: Mrs. Evelyn Hill, the wife of Leroy, testified that she arrived in Leroy's automobile at Willie Hill's residence on the evening in question at about 5:30 or 6:00 p. m. At that time the car did not feel as if it had anything in the trunk. Government agents testified, however, that the three fifteen-gallon containers, when filled, weighed about 150 pounds each. The Government argues from this evidence that the back end of the car would have appeared to be heavily loaded, if the whiskey had been in the car at that time. The Government also argues that it is evident from the size and weight of the containers that it would require two men to load the containers into the trunk of the Plymouth and to unload at the Hills' destination.

Rick Hill, the son of Tom, testified that he had been around his father's store that evening and that he had not seen his father for two or three hours before he was told to get into Leroy's car to go to Milledgeville. Tom's store was located across the street from Willie Hill's residence. Rick also testified that he did not see Leroy at all that day until he got into Leroy's car that evening.

The defendant Tom Hill testified, however, that Leroy came into his store that evening and that he asked Leroy to take his two sons to their mother's house in Milledgeville. On cross-examination the Government showed that Tom had several vehicles of his own with which he could have taken the boys to their mother's house. To impeach his credibility further, the Government also showed that in 1958 Tom pleaded guilty to a charge of possession of illicit whiskey. Moreover, after asking Leroy to

take the boys, Tom inexplicably decided to accompany them, even though it was a busy night at his store. Tom further testified—contradicting his son—that he had been at the store all afternoon and evening until Leroy arrived to take the boys to Milledgeville.

Finally, Agent Cox testified that he arrived at the Willie Hill residence on the evening in question at 8:30 p. m. and that during the time he observed the Hill residence he saw none of the Hill family near Tom's store across the street. When the 1969 Plymouth pulled in to the Hill residence at about 10:00 p. m., stayed a few moments and left, Agent Cox saw that it was occupied by four people. After leaving the Hill residence, the car did not stop until Agent Harding stopped it on Highway 49. When Agent Harding stopped the car, he discovered that the occupants were Leroy and Tom Hill and Tom's two sons.

From this evidence and that recited above in connection with the search of Leroy's car, we conclude that a reasonably-minded jury could find Tom Hill guilty beyond a reasonable doubt of the offenses of possessing and transporting nontaxpaid whiskey.

### III.

■ Finally, Tom Hill contends that the district court erred in denying his motion to dismiss the charges and quash the indictment on the ground that the Government improperly denied him a preliminary hearing. Again, we cannot agree. First, we are unable to see how Tom was in any way prejudiced by the lack of a preliminary hearing. But, in any event, the return of the indictment in this case by the grand jury had the effect of curing whatever error may have existed in the omission of a preliminary hearing. *See* Grant v. United States, 5 Cir. 1969, 406 F.2d 1295, 1296; Schultz v. United States, 5 Cir. 1966, 360 F.2d 616, 617.

Therefore, the judgment of the district court is affirmed.