UNITED STATES of America,
Plaintiff-Appellee,

v.

Winston Evans BEAN and Nelson
Raymond Bean, Defendants-
Appellants.

No. 73–1689.

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 28, 1973.

Manley F. Brown, Macon, Ga. (Bean, Bean), Clement J. Cartron, Huntsville, Ala., for defendants-appellants.

William J. Schloth, U. S. Atty., O. Hale Almand, Jr., Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before BELL, GODBOLD, and INGRAHAM, Circuit Judges.

BELL, Circuit Judge:

The principal issue on this appeal arises from the district court's denial of appellants' motion to suppress a quantity of marijuana seized from a truck driven by a co-defendant. The marijuana had been loaded on the truck from appellants' light plane near Montezuma, Georgia, where they had made an unauthorized landing on a trip from Jamaica to Atlanta. The truck was stopped on I–75 as it approached Atlanta, and the marijuana was found in the course of a search by a customs agent. At appellants' non-jury trial on a two-count indictment,[1] the marijuana was admitted into evidence. Upon a judgment of

---

* Rule 18, 5 Cir., see Isbell Enterprises Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

1. The indictment charged conspiracy to import marijuana into the United States, in violation of 21 U.S.C.A. § 963, and possession of marijuana with intent to distribute, in violation of 21 U.S.C.A. § 841(a)(1).

guilty, appellants were sentenced on each count to five years imprisonment to be followed by special parole terms, under 21 U.S.C.A. §§ 841(b)(1)(B), 960(b)(2)(A), of fifteen years, the sentences on each count to run concurrently.

Appellants challenge the constitutionality of the search on the grounds that the customs agent did not have probable cause to believe the truck contained contraband, and that the search of the truck did not qualify for the border search exception to the probable cause requirement. Since we conclude the search was supported by probable cause, we pretermit the border search issue.[2]

The following facts known to the customs agent at the time of the search supported the conclusion that the truck contained marijuana:

(1) The plane, upon entering the country, had landed in Montezuma prior to reporting for a customs inspection in Atlanta. (This landing, which constituted a violation of customs regulations because Montezuma was not an authorized port of entry, was known by virtue of aerial surveillance of the plane from the time it approached the Florida coast.)

(2) The driver and the truck had been seen in Montezuma earlier the same evening.

(3) The customs agent had received a report that the guard at the Montezuma airport had seen a truck approach a light plane which had landed at the time the appellants made their unauthorized stop; however, no description of the truck was given by the guard.

(4) The driver of the truck had been seen with the appellants when the customs agent had inspected the plane in Atlanta some three weeks earlier.

(5) A license registration report indicated that the truck was owned by Nelson R. Beam, correctly assumed by the customs agent to be one of the appellants, Nelson R. Bean.

(6) The customs agent had received a "hotline tip" that the driver of the truck was engaged in smuggling by means of a Piper aircraft and a 1972 orange-and-white truck, and that he carried a .25 caliber pistol; while the informer was not known to be reliable, the details of his information had been largely verified at the time of the search—the appellants had flown a Piper aircraft, the truck was an orange-and-white 1972 model, the driver was armed with a .25 caliber pistol and, as will be detailed in paragraphs 7–11, the agent at the time of the search had cause to believe that the plane had been engaged in smuggling marijuana.

(7) In his earlier search of the plane the customs agent had found a marijuana seed.

(8) The plane had been reliably reported to have flown with its rear seats removed on a previous trip into the country.

(9) The plane had behaved suspiciously in its flight from Jamaica to Atlanta—it had padded its flight schedule by some 25 minutes, it had turned off its transponder near Montezuma (this is a violation of F.A.A. regulations and makes it more difficult for flight controllers to determine the location of the aircraft), it had given a false altitude report to flight controllers, and it had made an unauthorized landing.

(10) On an earlier trip into the country, the plane had landed at an unsupervised field near Eustis, Florida.

(11) Appellants, upon landing in Atlanta, had denied making a stop before reporting to customs.

2. The issue that would otherwise have been presented is a novel one in this circuit— what connection must exist between actual border crossings and a vehicle which itself has not crossed a border, in order to justify warrantless search of the vehicle on the relaxed standard applicable to border search-es? See United States v. Markham, 9 Cir., 1971, 440 F.2d 1119; United States v. Weil, 9 Cir., 1970, 432 F.2d 1320; See also United States v. Glaziou, 2 Cir., 1968, 402 F.2d 8; United States v. McGlone, 4 Cir., 1968, 394 F.2d 75.

This array of information is clearly a sufficient basis for a search under the probable cause standard. See Chambers v. Maroney, 1970, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419; United States v. Hill, 5 Cir., 1971, 442 F.2d 259; United States v. Roberts, 5 Cir., 1970, 434 F.2d 1016.

Appellants' other contentions are without merit. Accordingly, the judgment below is affirmed.