UNITED STATES of America,
Plaintiff-Appellee,

v.

Michael John HALLIDAY et al.,
Defendants-Appellants.

No. 73–1831.

United States Court of Appeals,
Fifth Circuit.

Nov. 28, 1973.

Rehearing and Rehearing En Banc.
Denied Jan. 4, 1974.

Lee A. Chagra, El Paso, Tex., for defendants-appellants.

William Sessions, U. S. Atty., San Antonio, Tex., Edward Marquez, Ralph E. Harris, Asst. U. S. Attys., El Paso, Tex., for plaintiff-appellee.

Before GEWIN, AINSWORTH and MORGAN, Circuit Judges.

PER CURIAM:

Appellants Halliday and Rowe were arrested and charged with violations of 21 U.S.C. §§ 841(a), 846, 952(a), and 963. Appellant Duran was arrested and charged with violations of 21 U.S.C. §§ 841(a)(1) and 846.[1] All charges stem

---

1. § 841.
 (a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

from appellants' dealings with marihuana. They waived a jury trial and were tried and convicted in the United States District Court for the Western District of Texas. Each received a sentence of five years imprisonment and five years special probation. Appellants appeal their convictions on the grounds that an illegal arrest of appellant Rowe led to searches which produced evidence that should have been excluded at trial.

## FACTS

Sometime prior to November of 1972, Customs Agents received information from a reliable informant that a large quantity of marihuana was going to be smuggled into the United States from Mexico.[2] Appellant Halliday was implicated by the informant as being involved in the transaction. On November 3, 1972, the agents received further information from the informant that the marihuana had come into the United States and was being stored at 7203 Dale Road in El Paso, Texas. As a result of this information, the agents set up a stake-out of the residence described above. After establishing this stake-out, the agents learned from another reliable informant that a large quantity of marihuana was being smuggled into the United States and was to be located at the Dale Road residence. During the period of surveillance, the agents observed a 1956 Chevrolet automobile parked at the Dale Road residence. A license check showed it belonged to a person who had previously been arrested for illegally importing 1,200 pounds of marihuana into the United States. On November 5, 1972, a 1971 Oldsmobile, pulling a U-Haul trailer, arrived at the Dale Road residence. The license plates on the car had been switched with those on the trailer. Agents observed through an open gate boxes being loaded into the trailer. The car and trailer were then observed proceeding to Interstate Highway 10 and traveling in an easterly direction out of El Paso. The vehicle was stopped in Van Horn, Texas, by Customs Agents who had been observing it since it left El Paso. The driver, appellant Rowe, was arrested and found on his person were two keys of which he denied all knowledge. The agents then became aware of the strong odor of marihuana emitting from the trailer and upon opening the trailer with the keys found on Rowe, found 31 boxes containing 908 pounds of marihuana. Customs Agents obtained a search warrant based upon this evidence for the residence on

(2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

§ 846.

Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

§ 952.

(a) It shall be unlawful to import into the customs territory of the United States from any place outside thereof (but within the United States), or to import into the United States from any place outside thereof, any controlled substance in schedule I or II of subchapter I of this chapter, or any narcotic drug in schedule III, IV, or V of subchapter I of this chapter, except that—

(1) such amounts of crude opium and coca leaves as the Attorney General finds to be necessary to provide for medical, scientific, or other legitimate purposes, and

(2) such amounts of any controlled substance in schedule I or II or any narcotic drug in schedule III, IV, or V that the Attorney General finds to be necessary to provide for the medical, scientific, or other legitimate needs of the United States—

(A) during an emergency in which domestic supplies of such substance or drug are found by the Attorney General to be inadequate, or

§ 963.

Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

2. Testimony at trial demonstrated that this informant had supplied Customs Agents with accurate information on previous occasions throughout a two-and-one-half year period.

Dale Road, where they found 13 pounds of marihuana and 126 empty cardboard boxes identical to those found in the U-Haul trailer.

## PROBABLE CAUSE

Appellants urge that the evidence seized from the trailer and the house should have been suppressed at trial because Rowe's arrest, search and seizure were without probable cause and therefore in violation of the Fourth Amendment. If the search of the trailer was illegal, then the evidence obtained pursuant to a warrant based on that search must be suppressed. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The only question before this court is whether the Customs Agents had probable cause to stop, arrest and search Rowe, the car he was driving and the trailer.

Certain carefully defined classes of case which constitute exceptions to the warrant requirement of the Fourth Amendment have been recognized by the courts. One of these is when an officer has probable cause and exigent circumstances exist which make it impractical to obtain a warrant. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, reh. den. 404 U.S. 874, 92 S.Ct. 26, 30 L.Ed. 2d 120 (1971), Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, reh. den. 400 U.S. 856, 91 S.Ct. 23, 27 L.Ed.2d 94 (1970). The cases recognizing the exigent circumstances exception to the warrant requirement have always insisted that the officers conducting the search have reasonable or probable cause to believe that they will find evidence pertaining to a crime. Dyke v. Taylor Implement Mfg. Co., 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968).

Furthermore, as regards the search of vehicles, it appears that the exigent circumstances required can be generally described as unforeseeable circumstances which furnish probable cause and a fleeting opportunity to search. Coolidge v. New Hampshire, *supra*, Chambers v. Maroney, *supra*.

The following facts were known to the agents at the time of the trailer search:

1. Information from two separate informants clearly indicated that a large quantity of marihuana was to be stored at the Dale Road residence.

2. A known narcotics dealer was seen at the residence.

3. A car registered to another known narcotics violator was seen at the residence.

4. A car and trailer with illegal license plates arrived at the residence and the trailer was quickly loaded with numerous boxes.

5. The car and trailer immediately went to Interstate 10 and headed in an easterly direction.

6. The strong odor of marihuana emanated from the trailer.

It is clear that the agents did not have sufficient time to obtain a warrant. The suspected marihuana was on an interstate highway leaving their jurisdiction.

In this specific situation the agents possessed knowledge of facts and circumstances gained from reasonably trustworthy sources that would justify a man of reasonable caution and prudence to believe that Rowe was transporting marihuana. Miller v. United States (5 Cir. 1966), 356 F.2d 63, 66, cert. den. 384 U.S. 912, 86 S.Ct. 1357, 16 L.Ed.2d 365. Also, they were faced with the classic *Carroll* situation, where the vehicle was easily and quickly moveable. United States v. Brown (5 Cir. 1969) 411 F.2d 478, Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

The array of information, plus the *Carroll* factor, is a clearly sufficient basis for a search under the probable cause standard. Chambers v. Maroney, *supra*; United States v. Bean, 484 F.2d 1275, 5 Cir. 1973. The judgment of the district court is in all respects

Affirmed.