# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 2, 2011

Lyle W. Cayce
Clerk

_____

No. 08-31249

_____

BOBBY W SWINDLE, JR., As Administrators of the Estate of Morgan Taylor Swindle; TRACY A SWINDLE, As Administrators of the Estate of Morgan Taylor Swindle,

      Plaintiffs - Appellants

v.

LIVINGSTON PARISH SCHOOL BOARD; RANDY POPE, Superintendent of Livingston Parish School Board; PAUL PASTOREK; LOUISIANA DEPARTMENT OF EDUCATION; STATE BOARD OF ELEMENTARY AND SECONDARY EDUCATION,

      Defendants - Appellees

_____

Appeal from the United States District Court for the
Middle District of Louisiana, Baton Rouge

_____

Before BENAVIDES, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:

The court having been polled at the request of one of the members of the court and a majority of the judges who are in regular active service and not disqualified not having voted in favor (FED. R. App. P. and 5TH CIR. R. 35), the Rehearing En Banc is DENIED.

Voting for en banc rehearing were: Chief Judge Edith H. Jones, Judge E. Grady Jolly, Judge Jerry E. Smith, Judge Edith B. Clement, and Judge Priscilla R. Owen. Voting against en banc rehearing were: Judge Carolyn D. King, Judge W. Eugene Davis, Judge Emilio M. Garza, Judge Fortunato P. Benavides, Judge Carl E. Stewart, Judge James L. Dennis, Judge Edward C. Prado, Judge Jennifer W. Elrod, Judge Leslie H. Southwick, Judge Catharina Haynes, and Judge James E. Graves.

Upon the filing of this order, the clerk shall issue the mandate forthwith. See FED. R. App. P. 41(b).


ENTERED FOR THE COURT:


_____
JAMES L. DENNIS
UNITED STATES CIRCUIT JUDGE

No. 08-31249

JERRY E. SMITH, Circuit Judge, dissenting:


This case was lawyered poorly on both sides, but never mind:  In an exercise of raw advocacy for one party over another, this panel has come to the rescue of Morgan Swindle, who was properly kicked out of school after smoking dope, at the expense of Superintendent Randy Pope, who did nothing wrong but is now personally on the line for money damages.  This court, en banc, recently awarded qualified immunity to a school official who boldly violated the free exercise of religion by an elementary school student,[1] but in this case, in an opinion written by Judge Dennis and concurred in by Judges Benavides and Elrod, a panel invents a claim that punishes a school official who expelled a student who had abused drugs.

Partly as a result of the poor work done by the attorneys on both sides, this panel reaches a new low, for this court, in terms of reviewing the record, describing the claims, recognizing which issues are properly preserved for review, and addressing whether the law was clearly established for purposes of qualified immunity.  The failure of the panel, at multiple levels, to do its work with the precision and evenhandedness that the law requires means that the en banc court should have stepped in to clear up the mess.  I respectfully dissent from the denial of rehearing en banc.


## I.  The Facts.

The relevant facts are simple and uncontested.  Morgan Swindle, an

---

[1] See Morgan v. Swanson, 2011 U.S. App. LEXIS 19656, at *147-*176 (5th Cir. Sept. 27, 2011) (en banc) (Elrod, J., dissenting in regard to the grant of qualified immunity).

eighth grader, was expelled because she left a school dance with other students and returned to the dance under the influence of marihuana. She and her parents were advised that expulsion was recommended. She and her mother were given a hearing. They were sent a written notification of expulsion for a year. Although the notice told them they could file an administrative appeal, the family knowingly declined to appeal.

Before the hearing, the Swindles requested "alternative education" for Morgan if she were expelled. That request was denied without prior notice, and there was no second hearing to address the denial of alternative education.

Eventually, Morgan sought readmission as a ninth grader, but the school refused, and Morgan returned to the eighth grade. The parents sued for money damages under 42 U.S.C. § 1983.

## II. The Record.

I now examine the record in the district court and this court. That perusal consistently shows that as the district court's opinion reflects, the plaintiffs never articulated the claim on which the panel reverses. Inspection of the record also indicates that plaintiffs did not adequately raise that issue on appeal, so either the appeal should have been summarily dismissed or the judgment should have been quickly affirmed.[2]

---

[2] The panel, without explanation, took more than two years after oral argument to issue its opinion. That is a disservice to the litigants and to the fair administration of justice.

A.  The Panel Opinion.

The panel opinion[3] badly mischaracterizes the "due process claim" as set forth in the complaint.  The opinion raises a claim that the plaintiffs have never madeSSnot in the complaint, not elsewhere in the district court, and never on appeal or on rehearing.  As the panel recognizes, the denial of alternative educationSSa substantive rightSSis separate from the procedural issue of whether that right was denied without notice and hearing.  Although plaintiffs spent many pages arguing the denial of the substantive right, they never articulated the supposed procedural wrong, which is the failure to provide notice and hearing.

Here are the panel's inaccurate descriptions of the plaintiffs' pleadings:

> 1.  ". . . Plaintiffs' procedural due process claim grounded on Defendants' denial, without proper notice and a fair hearing, of the Swindles' request that Morgan continue her public education during her expulsion in an alternative education program."[4]

> 2.  "Morgan claims that she was entitled to predeprivation notice and some kind of hearing, before a possibly erroneous termination of her right to alternative education . . . ."[5]

> 3.  ". . . Plaintiffs' claims that Morgan was deprived of her constitutional right to procedural due process when Defendants denied her right under state law to continued public educational benefits through an alternative education program without some

---

[3] Swindle v. Livingston Parish Sch. Bd., 2011 U.S. App. LEXIS 18629 (5th Cir. Sept. 8, 2011).

[4] Id. at *3.

[5] Id. at *18-*19.

kind of notice and some kind of hearing."[6]

To the contrary, nowhere in this entire case do the plaintiffs ever even mention lack of notice and hearing in regard to any procedural due process claim involving denial of alternative education. The district and appellate records are barren of any utterance of that concept. Although plaintiffs assert the denial of a property right to alternative education, they have failed to articulate (much less support with law and facts) any claim of deprivation of procedural rights by denial of notice and hearing.[7]

## B. The Complaint.

The complaint contains no mention of the "claim" that the panel describes at least three times in its opinion (as quoted from the panel opinion in items 1, 2, and 3 above). In ¶ 86, the complaint refers to the "Due Process Clause of the Fourteenth Amendment" and the need "to follow the procedural steps" adopted by a governmental body. It gives is no hint of notice and hearing, despite citing Goss v. Lopez, 419 U.S. 565 (1975), which recognizes that right. In ¶ 88, plaintiffs say only that their "due process rights . . . have been violated," without reference to notice and hearing. Same for ¶ 89. Same for ¶ 90, containing a general reference to "due process rights." In ¶¶ 93, 94,

---

[6] Id. at *47-*48.

[7] I cannot overstate how troubling it is that a panel would unabashedly misstate the claims at least three times in its opinion. A reasonable reader would naturally assume that plaintiffs had actually articulated a specific claim of deprivation of notice and hearing regarding the denial of alternative education. Given this court's well-deserved reputation for precision and fair representation of district court records, the reader would normally infer that the plaintiffs had at least uttered the words "notice and hearing," but they did not.

and 95, plaintiffs advert to the due process right to an education, and they state that "such disciplinary action must be attended by due process . . . ." But there is absolutely no claim of a violation of the right to notice and hearing.[8]

Those are the only mentions of due process in the lengthy complaint.[9]

---

[8] Plaintiffs were represented by counsel at all stages in the district court and on appeal.

[9] In this footnote, I set forth the entirety of the paragraphs of the complaint that I have cited. As stated, they are the only references to procedural due process in the complaint. Most of them do not relate in any way to any putative claim for denial of procedural due process in the rejection of alternative education, but I include them here in the interest of completeness:

¶ 86.
M.S.'s rights have been violated. Whiteside v. Kay, 446 F. Supp. 716, (W.D. La. 1978) the Court held:

When state law creates a right to public education, that right becomes protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Goss v. Lopez, 419 U.S. 565, 95 S. Ct. 729, 42 L. Ed. 2d 725 (1975). Louisiana law creates a right to a public education. La. R.S. 17:1, et seq. The suspension or expulsion of a child deprives the child of property and liberty rights, as it may limit later opportunities for the child; thus, such disciplinary action must be attended by due process safeguards. Goss v. Lopez, supra.

A state or governmental body violates due process of law when it fails to follow the procedural steps it has adopted for proceedings held before it. United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S. Ct. 499, 98 L. Ed. 681 (1954); Antonuk v. United States, 445 F.2d 592 (6th Cir. 1971); Government of Canal Zone v. Brooks, 427 F.2d 346 (5th Cir. 1970). See Yellin v. United States, 374 U.S. 109, 83 S. Ct. 1828, 10 L. Ed. 2d 778 (1963); Vitarelli v. Seaton, 359 U.S. 535, 79 S. Ct. 968, 3 L. Ed. 2d 1012 (1959); Service v. Dulles, 354 U.S. 363, 77 S. Ct. 1152, 1 L. Ed. 2d 1403 (1957).

Here, the due process rights of M.S. have been violated by LPSB, BESE and

(continued...)

7

---

<sup>9</sup>(...continued)
Louisiana Department of Education, State actors, granting a waiver of the right to alternative education and to have her home schooling recognized.

¶ 88.
The due process rights of M.S. have been violated when BESE and Louisiana Department of Education denied M.S. the opportunity to be evaluated for placement after home schooling.

¶ 89.
The due process rights of M.S. have been violated [sic] Louisiana Department of Education as there has been no oversight of LPSB pursuant to La. Const. Art. VIII § 2, which charges the State Superintendent of Education with implementation of policies of BESE, and the implementation of the laws affecting LPSB.

¶ 90.
The due process rights of M.S. have been violated by BESE who pursuant to La. Const. Art. VIII § 3 is charged with the supervision and control of the public elementary and secondary schools.

¶ 93.
FIRST CLAIM FOR RELIEF
Pursuant to 42 USC § 1983, Plaintiff is entitled to damages for violations of her right to public education, which are protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution in that the policies of the LPSB are contrary to law and the BESE is failing to follow the law, oversight and enforcement and against both for refusing to provide M.S. with an education.

¶ 94.
SECOND CLAIM FOR RELIEF
Plaintiffs seek relief under 42 USC § 1983 for violation in that the LPSB had a policy or custom, that children expelled from LPSB were placed in the grade from which they were expelled without offering alternative education and for refusing to recognize home schooling which deprives the child of property and liberty rights, as it may limit later opportunities for the child; thus, such disciplinary action must be attended by due process [sic] the denial of the right to education was in contravention of law.

(continued...)

They center on the right to an education, but there is no articulation of the procedural entitlement to pre-deprivation notice and hearing. The plaintiffs have not pleaded or adequately explained the cause of action that the panel imagines from whole cloth.

Where plaintiffs are represented by counsel, we do not and should not accept, as adequate, bare references to "due process" or denial of constitutional rights without some sort of specificity as to what the defendants did that assertedly violated the Constitution. In this respect, the complaint is inadequate as a matter of law, and by the usual standards of this court, we likely would not accept it even if these plaintiffs were proceeding pro se.

### C.  Opposition to Motions for Summary Judgment.

In their opposition to the motion for summary judgment, the plaintiffs had a four-page section entitled "Violation of Constitution." It mentions the property interest in receiving a diploma, but there is no reference to, or claim of, a procedural due process right to notice and hearing.

---

[9](...continued)

¶ 95.
THIRD CLAIM FOR RELIEF

Plaintiffs seek relief under 42 USC § 1983 for violation in that the BESE had a constitutional and statutory duty to ensure that children expelled from LPSB received a public education and BESE was aware that LPSB was violating state law by causing children who were expelled to fail the grade by refusing to offer alternative education and for refusing to recognize home schooling which deprives the child of property and liberty rights, as it may limit later opportunities for the child; thus, such disciplinary action must be attended by due process the denial of the right to education was in contravention of law.

## D.  District Court Opinion.

In its lengthy and excellent opinion granting summary judgment on qualified immunity, the district court (Judge James Brady) made no reference to any deprivation of notice and hearing in regard to the alleged denial of alternative education.  Under the caption "Entitlement to Alternative Education," the court stated, as a substantive due process claim, that "plaintiffs also argue that Morgan had a property interest in receiving an alternative education after she was expelled."  The court recognized that if such property interest existed, "Morgan would indeed be entitled to due process before being denied alternative education."  But the court never referenced any specific articulation by plaintiffsSSand indeed there is noneSSof a right to notice and hearing before any deprivation.[10]

## E.  Plaintiffs' Opening and Reply Briefs on Appeal.

Even if, as a matter of notice pleading, the plaintiffs had adequately described, in the district court, the procedural process claim that the panel has manufactured, their more serious deficiency, for purposes of waiver, is that their opening brief makes no mention of it.  In the "Statement of Issues Presented for Appeal," plaintiffs list "Whether upon expulsion, Morgan Swindle had a vested property interest in Alternative Education, and if so,

---

[10] Thus it is easy to see that the plaintiffs never articulated or explained any supposed right to notice and hearing on the denial of alternative education.  Nor did the district court think such a claim had been made.  As Judge Elrod recently explained, "Our well-established rule is that 'arguments not raised before the district court are waived and will not be considered on appeal.'"  Morgan v. Swanson, 2011 U.S. App. LEXIS 19656, at *128 (5th Cir. Sept. 27, 2011) (en banc) (Elrod, J., dissenting) (citing Celanese Corp. v. Martin K. Eby Constr. Co., 620 F.3d 529, 531 (5th Cir. 2010); French v. Allstate Indem. Co., 637 F.3d 571, 582-83 (5th Cir. 2011)).

may such right be taken away in the absence of due process." But the five sub-items listed below that statement all involve the issuance of a waiver to the school board and in no way touch on any due process right to notice and hearing.

In the "Summary of Argument," plaintiffs claim property rights and state only that defendants "denied these rights in the absence of due process." In their "Argument" section, under "Procedural Due Process," subheading "Entitlement to Alternative Education," the plaintiffs contend, at length, that the school's use of a waiver "violated Morgan's property right to Alternative Education." There is no mention of notice and hearing. The only alleged procedural violation is the use of the waiver by the school board in an effort to avoid having to provide alternative education.[11]

The reply brief does not mention due process. It deals, instead, with a separate res judicata issue.

---

[11] This constitutes a total failure to raise and adequately brief the procedural due process issue on appeal. Ironically, in regard to other issues that are not relevant here, the panel concludes that "Plaintiffs have waived all of their other claims by failing to adequately brief and argue them on appeal." The panel adds a footnote:

> The Federal Rules of Appellate Procedure require an appellant to present in his brief his "contentions and reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). "A litigant's failure to provide legal or factual analysis results in waiver." Nw. Enters. Inc. v. City of Houston, 352 F.3d 162, 183 n.24 (5th Cir. 2003); see also Turner v. Quarterman, 481 F.3d 292, 295 n.1 (5th Cir. 2007) (stating that the court will not "consider issues that are not adequately briefed" in the appellant's brief, even if the appellant attempts to incorporate by reference arguments made elsewhere).

Swindle, 2011 U.S. App. LEXIS 18629, at 15 n.4. That is an accurate statement of the governing standard that this panel, inconsistently, declines to apply to the only issue on which it reverses the district court.

In summary, the plaintiffs have fallen far short of what we and the federal appellate rules require an appellant to do to raise an issue adequately for review on appeal. Especially in counseled cases, we do not allow an appellant merely to state, in the brief, general terms such as "due process" or "constitutional violation" without supporting explanation and argument. In regard to procedural due process, these plaintiffs have never told us or the district court what it is that a school official failed to do. Only the judges on this panel have made that claim on behalf of the plaintiffs: the alleged failure to provide a hearing on the denial of alternative education.

### III. Qualified Immunity.

The panel correctly affirmed most of Judge Brady's summary judgment on the ground that all the issues save one were inadequately briefed and therefore are waived. The error, however, is in the panel's reversal of summary judgment in favor of the school board and Superintendent Randy Pope regarding what the panel saw as the "procedural due process claim grounded on Defendants' denial, without proper notice and a fair hearing, of the Swindles' request [for] alternative education." The panel spends many pages analyzing this unpleaded, unargued claim. The panel's conclusion can be summarized in the following excerpts from its opinion:

> . . . [C]ontrary to the conclusion of the district court, we conclude that Louisiana's statutory scheme provided Morgan an entitlement to receive alternative education during her expulsion, i.e., Morgan had a property interest in continued alternative education of which she could not be deprived without due process.

[12]. . . [A] right or status previously recognized by state law and vested in Morgan was distinctly altered or extinguished. This alteration, officially removing Morgan's interest from the recognition and protection previously afforded by the state, was sufficient to invoke the procedural guarantees contained in the Due Process Clause of the Fourteenth Amendment.[13]

The panel thus denies qualified immunity. Even assuming arguendo that plaintiffs have adequately pleaded and raised the issue on appeal, that part of the opinion is error as a matter of qualified immunity law and puts this superintendent in jeopardy for an objectively reasonable, good-faith decision.

In his petition for rehearing, the superintendent accurately focuses on the fact that there was no clearly established law that guaranteed Morgan the right to a second due-process hearing under the unique facts of this case. It is undisputed that Morgan received a full, fair, and constitutionally adequate hearing on her initial expulsion. Importantly, by that time, she had already requested that, if the tentative expulsion decision was not over-turned, she wanted to be assigned to alternative education. That easily could have been raised at the hearing but was not. Moreover, it is undisputed that the parents were advised that they could administratively appeal the result of the hearing that was conducted. It is also uncontroverted that they decided not to pursue that opportunity.

It follows that an objectively reasonable person in the superintendent's shoes would have concluded that no further hearing was required once

---

[12] Swindle, 2011 U.S. App. LEXIS 18629, at *23.

[13] Id. at *30.

13

Morgan was advised that she was being denied alternative education. Moreover, nothing in the record or the briefs indicates that Morgan requested such a hearing or that it would have made a difference. As the superintendent explains in his rehearing petition,

> If asked in 2005 whether a student must be provided with a due process hearing before being denied placement in an alternative education setting after having already been provided a due process hearing before expulsion, it is highly doubtful that other superintendents in this state would agree with this Court's finding that such a second hearing was required.

In regard to the facts and law available to the superintendent when the hearing was held, moreover, his rehearing petition points out that "the School Board did not have an alternative education program in 2005, waivers [of the state requirement to provide alternative education] could be sought and granted even after the [state education department's] deadline, and a subsequent waiver sought by the School Board in 2006 was granted."

Although Judge Dennis's opinion does not explicitly say that a second hearing was required, a fair reading is that it was objectively unreasonable for the superintendent either to fail to offer a second hearing or to fail to combine, into one hearing, the issues of expulsion and alternative education. But given that the plaintiffs had already requested alternative education before the hearing was held on the expulsion, there is nothing in the "clearly established law"SSand the panel members have pointed to noneSSthat would have alerted the superintendent that the hearing that was held, regarding Morgan's serious misconduct and what was to be done about it, was constitutionally inadequate. And it is uncontested that the family was told of

14

the right to an administrative appeal, at which presumably the alternative-education issue could have been raised. The plaintiffs acknowledge that they declined the chance to appeal.

A further fault in the qualified-immunity ruling is that even if the issue had been adequately pleaded and briefed, the panel exposes a school official to liability in a novel context in which the plaintiffs had additional remedies before the school board but consciously elected not to pursue them. This complex stew yielded no "clearly established law" such that "every reasonable principal" would have conducted a different or additional due process hearing.[14]

In summary, qualified immunity depends on whether it was objectively unreasonable for the superintendent to fail explicitly to provide a hearing on alternative education. That naturally depends on whether it was clearly established that it was required in this "unique" circumstance, given that

> (1) plaintiffs concede that there was a constitutionally adequate hearing on the expulsion;
>
> (2) the request for alternative education was made before that hearing and easily could have been raised by plaintiffs at the hearing or at a further hearing on appeal;
>
> (3) plaintiffs admit that they were advised of the right to an administrative appeal of the result of the hearing but knowingly declined to exercise that right; and

---

[14] See Browning v. City of Odessa, 990 F.2d 842, 845, n.7 (5th Cir. 1993); Rathjen v. Litchfield, 878 F.2d 836, 839-40 (5th Cir. 1989); Myrick v. City of Dallas, 810 F.2d 1382, 1388 (5th Cir. 1987) (all holding that no procedural due process claim may be made where a plaintiff failed to utilize an available remedy).

(4) there was uncertainty on the part of the administrators as to whether the school district needed to obtain an additional state waiver before denying alternative education or could obtain a retroactive waiver, in light of the fact that waivers had been easily available in past years.

That is what qualified immunity is all aboutSSgranting exoneration to public officials where no caselaw can be reasonably interpreted to have spoken to the specific situation at hand.  This school official acted reasonably and did not contravene any clearly established law.  The panel's denial of qualified immunity is serious error.

## IV.  Conclusion.

With all due respect, this panel has gone too far in manufacturing a cause of action for procedural due process that the plaintiffs, through counsel, never presented.  The panel's thricefold description of plaintiffs' claim is, at the very least, a highly misleading representation of what the plaintiffs actually pleaded.  The reversal of summary judgment as to Superintendent Pope is badly flawed at three levels:  (1) Procedural due process was not adequately pleaded; (2) it was not properly raised as an issue on appeal; and (3) the opinion is substantively wrong as a matter of qualified immunity law.

This matter is enbancworthy because the panel's published, precedential opinion sends confusing signals as to what this court expects a plaintiff to plead and to raise on appeal regarding due process.  The opinion confounds the law of qualified immunity by expecting next-to-impossible prescience as to what a randomly chosen panel of this court might expect a school official to doSSin order to avoid personal monetary liabilitySSin a

16

complex situation to which no court has even remotely spoken. In light of the panel's failure to fix this matter in response to the petition for rehearing, it is up to the en banc court to do so.

In fairness to those judges who have voted against rehearing, however, I acknowledge that this matter is not ideally suited for en banc review. The school district's attorneys made the error of requesting only panel rehearing, making it less likely that the matter would attract the full attention of the en banc court.

It is also true that many of the panel's errors are hidden from a mere superficial reading of the panel opinion. The district's lawyers did not seem to notice that the alleged due process violation was never pleaded and was not adequately and explicitly raised in the plaintiffs' briefs. Although the panel judges, during their two years of deliberations, still should have made the sort of sua sponte examination of the complaint that I have undertaken, in fairness to the panel it is somewhat understandable that, in the absence of that inquiry, the panel missed the inadequacies in the pleadings. The panel opinion therefore does not discuss the pleadings. For that reason, some of the judges may feel that the panel opinion, though erroneous, does not do as much harm to our jurisprudence as would merit en banc review, given that some of the errors are not evident from the face of the opinion without careful review of the briefs and the record.

There was an easy way for the panel or the en banc court to fix this matter. Even assuming arguendo that the district court pleadings are adequate (under the notice-pleading standard) to allege denial of notice and hearing on the denial of alternative education, that issue is not adequately or

properly raised in plaintiffs' opening brief under Rule 28(a)(9)(A). See supra note 11. Under that standard, which this court customarily applies,[15] the appeal should have been dismissed for failure to prosecute. Then this matter would be at an end, and the damage the panel has done to our qualified-immunity jurisprudence would be undone.

The panel opinion is a shameless exercise in appellate advocacy on behalf of an undeserving party at the expense of a well-intentioned school official who has done no wrong. I respectfully dissent from the denial of rehearing en banc.

---

[15] A quick LEXIS search produces more than 600 Fifth Circuit cases citing Rule 28(a), Rule 28(a)(9), or Rule 28(a)(9)(A).