# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-30829
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 30, 2013

Lyle W. Cayce
Clerk

ANNA MATHAI,

Plaintiff - Appellant

v.

BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND
AGRICULTURAL AND MECHANICAL COLLEGE, on behalf of Louisiana
State University Health Sciences Center, Medical Center of Louisiana at
New Orleans University Campus; STEVE NELSON, M.D., individually, and
in his capacity as Dean of LSUHSC School of Medicine,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-2778

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Anna Mathai sued the Board of Supervisors of Louisiana State
University and Dr. Nelson, the dean of the medical school she attended, in
connection with her dismissal from the medical school.  The district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No.  13-30829

dismissed the entire action, in part due to want of jurisdiction and in part based upon a failure to state a claim for which relief may be granted.  On appeal, Mathai challenges only the dismissal of her 42 U.S.C. § 1983 claim against Dr. Nelson in his official capacity.[1]  We AFFIRM.

Mathai was a medical student at Louisiana State University's Health Science Center.  After admitting to prior drug use, she signed the "LSUHSC Fitness for Duty/Drug Testing Continuation of Employment/Enrollment Contract" under which she agreed, in pertinent part, to random drug testing. After questions were raised about the validity of her drug testing results, she signed a second "Fitness" contract in which she agreed to follow the directives of the Campus Assistance Program (CAP) and that failure to abide by this contract would be "grounds for immediate dismissal from the LSU School of Medicine."   After refusing to undergo a three-month inpatient program recommended by a center to which CAP has sent Mathai, she was dismissed from the school by Dr. Nelson.  He subsequently met with Mathai's parents and considered additional documentation but refused to readmit Mathai.

She then brought this lawsuit, alleging, among other things, violations of 42 U.S.C. § 1983 as a result of the alleged lack of due process afforded to her

---

[1]  Mathai briefed only the issue of whether her dismissal was "academic" or "disciplinary," a question pertinent only to the dismissal of the 42 U.S.C. § 1983 due process claim against Dr. Nelson in his official capacity.  The claims against the Board of Supervisors for alleged § 1983 violations and breach of contract were dismissed for want of jurisdiction, a point wholly unaddressed in Mathai's opening brief.  The § 1983 claim against Dr. Nelson in his individual capacity was dismissed based upon qualified immunity, a matter also wholly unaddressed by Mathai in her opening brief.  The breach of contract claim against Dr. Nelson was dismissed because he was not a party to the contract, a point Mathai does not contest. Thus, the only issue remaining as to which her brief pertains is the issue of Dr. Nelson's liability in his official capacity for violations of § 1983.  The only place she mentions any other claims is in her prayer for relief.  If Mathai intended to challenge any of the other rulings of the district court, we conclude that she failed to do so adequately, such that her appeal as to those issues is deemed abandoned.  *United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006) ("Inadequately briefed issues are deemed abandoned.").

No. 13-30829

prior to her dismissal. Pertinent here is her claim against Dr. Nelson in his official capacity for allegedly failing to provide due process in connection with her dismissal. The district court analyzed this question by first defining the degree of due process to which Mathai was entitled by determining whether the dismissal was one for "academic" reasons or "disciplinary" reasons. The district court concluded it was the former, citing portions of the two contracts that addressed Mathai's "fitness" as a student. Mathai challenges this conclusion, arguing that her dismissal was "disciplinary." However, she wholly fails to articulate what further "process was due" in this case, regardless of the characterization of the dismissal. *See Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 85–86 (1978) (explaining that the type of process "due" a student who is suspended or expelled varies depending on the facts and circumstances of the case).

Prior to her dismissal, Mathai never contested the grounds underlying the two contracts, the second of which clearly stated that immediate dismissal would be the result of a failure to comply. Nor does she deny refusing to enter into the treatment program prior to the original dismissal. She appears only to contest the conclusion that she is not fit to continue as a student in the medical school, an undeniably "academic" issue. *Shaboon v. Duncan,* 252 F.3d 722, 731 (5th Cir. 2001). Even if characterized as "disciplinary," a "give and take" preceded her dismissal, and after her dismissal, Dr. Nelson met with her parents and considered the additional evidence she presented. She has not articulated the specific process that she did not receive, nor has she cited precedential authority requiring any such process. *See e.g., Flaim v. Med. Coll. of Ohio*, 418 F.3d 629, 634–37 (6th Cir. 2005) (holding that student received adequate due process despite characterization of the dismissal as "disciplinary" and despite the failure to hold a formal hearing); *Shaboon*, 252 F.3d at 731 (a formal hearing is not necessarily required even where the

3

No.  13-30829

dismissal is disciplinary so long as the student is given an opportunity to place her conduct in context).[2]  Her disagreement with Dr. Nelson's decision is not the equivalent of a constitutional violation required to support a § 1983 claim.

AFFIRMED.

---

[2] Mathai's reliance on *Swindle v. Livingston Parish School Bd.*, 655 F.3d 386 (5th Cir. 2011) is misplaced.  That case involved compulsory public education and relied upon a Louisiana statute that mandated alternative schooling for a person expelled from the regular public school.  Those facts are not present here.